## Commonwealth ex rel. Paige, Appellant, *v.* Smith, Warden.

Argued March 15, 1938.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER and RHODES, JJ.

*John Gain,* with him *Thomas F. Gain,* for appellant.

*John H. Maurer,* Assistant District Attorney, and *Charles F. Kelley,* District Attorney, for appellee, submitted a brief.

OPINION BY KELLER, P. J., April 13, 1938:

The relator, George Paige, has appealed from the order of the court below discharging a writ of habeas corpus and remanding him to the custody of the warden of the Eastern State Penitentiary.

The relevant facts on which the appellant relies may be stated as follows:

On April 12, 1934 Paige pleaded guilty to an indictment for burglary, (March Term 1934, No. 1103). When brought before the court for sentence, on May 4, 1934, the day before the last day of the April 1934 Term, he stated that he had never before been in trouble except for a trifling liquor violation, and there appeared to be no record of his previous conviction or imprisonment. The presiding judge, apparently overlooking the fact that persons convicted of burglary[1] are specifically excepted from the probation provisions of the Act of June 19, 1911, P. L. 1055, and its amendment of May 7, 1925, P. L. 554, erroneously placed the defendant on probation for a period of ten years. Subsequently having learned that the defendant had a long criminal record in other states, the same judge ordered him brought into court on a bench warrant, and after a hearing, in the course of which Paige admitted his prior criminal record and the falsity of his statements about his prior imprisonment, on June 4, 1934, revoked the order placing him on probation and sentenced him to the Eastern State Penitentiary for a term of not less than five years nor more than ten years, to take effect as of May 4, 1934 —a sentence admittedly within the maximium allowed by law. The sentence of June 4, 1934 was imposed after the ending of the April Term aforesaid, at which the defendant pleaded guilty and was placed on probation.

The relator claimed to be entitled to his discharge on two grounds: (1) That the placing of the defendant on probation was a sentence, and that the court had no power, after the expiration of the term, to revoke it and

---

[1] The probation provisions of the Act of 1911, supra, do not apply to persons convicted of murder, administering poison, kidnapping, incest, sodomy, buggery, rape, assault and battery with intent to ravish, arson, robbery or burglary. They are specifically excepted.

sentence him to the penitentiary, for any cause except the subsequent violation of the terms of his probation, pursuant to the fourth section of the Act, of which violation there was no allegation or proof. (2) That the sentence to the penitentiary was imposed in chambers and not in open court as required by law. On the oral argument, the second ground was withdrawn, because it was based on an inadvertent error of fact, and is not pressed.

The appellant's argument rests on the premise that the order of May 4, 1934 placing him on probation was a sentence. We have, however, definitely ruled to the contrary in *Com. v. Fox,* 69 Pa. Superior Ct. 456, 458, and held that placing the defendant on probation under the Act of 1911, supra, is not a sentence. "Reading the first, fourth and fifth sections together we think it apparent that it was not the intention of the legislature to make the order of probation a sentence or to make it a substitute for a sentence." Furthermore, as was pointed out by Judge HENDERSON in that case, (p. 459), the title to the said Act of 1911—"An Act authorizing the release on probation of certain convicts, *instead of imposing sentence";* etc. [italics supplied]—"shows that the order of probation is not a sentence. It delays the sentence and may result in the release of the defendant at the end of the probationary period but until the conduct of the defendant has been such as to harmonize with the conditions of probation the sentence is in abeyance. And on failure to perform the conditions the defendant may be sentenced as provided in the act under which the indictment was drawn." It is nowhere in the act called, or referred to as, a sentence. On the contrary, the amendment of May 7, 1925, P. L. 554, which was evidently enacted in consequence of the decision of this court in *Com. v. Ciccone,* 84 Pa. Superior Ct. 224, (which held that if a fine was imposed on the defendant in connection with placing him on probation,

he could not be further sentenced subsequently under section 4, for violating the terms of his probation), clearly shows that neither the order placing the defendant on probation nor the condition authorized by the amendment, directing the payment of money by the defendant for the use of the county, not exceeding the fine fixed by law for conviction of the offense, as part of the terms of the probation, shall be considered a sentence. Section 1 of the Act of 1911, P. L. 1055, as amended by the Act of 1925, P. L. 554, is printed in the margin, the italics representing the changes and additions made by the amendment of 1925.[2] It expressly provides that where the circumstances of the case warrant it and the public good does not require the imposition of the penalty imposed by law, the court may in all cases,—except convictions for the offenses specific-

---

[2] "That whenever any person shall be convicted in any court of this Commonwealth of any crime, except murder, administering poison, kidnapping, incest, sodomy, buggery, rape, assault and battery with intent to ravish, arson, robbery, or burglary, and it does not appear to the said court that the defendant has ever before been imprisoned for crime, either in this State or elsewhere (but detention in an institution for juvenile delinquents shall not be considered imprisonment), and where the said court believes that the character of the defendant and the circumstances of the case [are] such that he or she is not likely again to engage in an offensive course of conduct, and that the public good does not demand or require that the defendant should suffer the penalty imposed by law, the said court shall have power to suspend the imposing of the sentence, and place the defendant on probation for a definite period, on such terms and conditions, *including the payment of money for the use of the county, not exceeding, however, the fine fixed by law for conviction of such offense,* as it may deem right and proper; said terms and conditions to be duly entered of record as a part of the judgment of the court in such case. *No such condition for the payment of money shall be considered as the imposition of a fine or a sentence nor prevent the court from thereafter sentencing any defendant under the act under which he or she was convicted, upon violation of his or her parole.*"

ally excluded from its operation, see note 1—*"suspend the imposing of the sentence and place the defendant on probation for a definite period,"* etc. They are not in the alternative or disjunctive, but in the conjunctive; and whether a specific order suspending the imposing of sentence is made or not, the placing of the defendant on probation is, in effect, a suspension of the imposing of sentence.

We have ruled that an order suspending the imposing of sentence is not appealable, because not a final judgment,—(See *Com. v. Carelli,* 90 Pa. Superior Ct. 416, 421, 422)—and have quashed appeals taken from such orders: *Com. v. Mellon,* 81 Pa. Superior Ct. 20. This was done in recognition of the well-established rule that final judgment in a criminal case means sentence. The sentence is the judgment: *Miller v. Aderhold,* 288 U. S. 206, 210; *Hill v. Wampler,* 298 U. S. 460, 464; *Berman v. United States,* 302 U. S. 211. Of course, in those jurisdictions which permit the court to suspend the *execution* of a sentence imposed, an appeal must be taken from the sentence, even though its execution is suspended: *Berman v. United States,* supra. The rule as broadly stated by us in *Com. v. Mellon,* supra, has been modified by our Supreme Court in *Com. v. Trunk,* 311 Pa. 555, 167 A. 333, where speaking through Mr. Justice SCHAFFER, it was said: "While it may be true generally that appeals may not be taken in criminal proceedings where judgment of sentence has not been passed, this rule should not be held one of universal application. There are instances where great injustice would thereby be done to defendants. This case is an instance. Just why the trial judge suspended sentence on certain of the indictments in view of the severe sentences which he imposed upon Rinalducci and Trunk it is difficult to understand. All of the offenses charged were part of a continuous series of events and should

have been so treated in sentencing. We think there was an abuse of judicial discretion in suspending sentence on the bills upon which the court did not act. In the exercise of that broad jurisdiction conferred upon us by section 13 of the Act of May 22, 1722, 1 Smith's Laws 131, 140, and June 16, 1836, P. L. 784, 17 PS section 41 (*Com. v. Jones,* 303 Pa. 551; *Stone v. Phila.,* 302 Pa. 340; *Corbin et al. v. George,* 308 Pa. 201), we sustain the assignments of error to the action of the Superior Court in ruling that the parts of the charge which relate to indictments upon which the defendants were not sentenced should not be considered and the assignments quashing the appeals from the indictments upon which sentence was suspended." The extent of that modification has not been exactly stated, but it should be applied to cases where the quashing of such an appeal might work injustice to the defendant.

The appellant points out that in *Com. v. Reilly,* 125 Pa. Superior Ct. 340, 189 A. 768, we reviewed the orders of the Court of Quarter Sessions of Philadelphia County, placing the defendant appellant on probation under two indictments on which he was found guilty, while suspending the imposition of sentence on the remaining indictments on which there were also verdicts of guilty. No objection was made to our doing so, and we did not specifically rule on the matter. But it was frankly stated at the oral argument that the defendant was placed on probation on those two bills, instead of simply suspending the imposing of sentence, in order that his conviction might be reviewed on appeal. An examination of the provisions of section 1 of the Probation Act shows that the placing of the defendant on probation on such terms and conditions as the court may deem right and proper is regarded as a judgment, and the terms and conditions of probation are directed to be duly entered of record "as a part of the judgment in such case". But it is not a final judgment of sen-

tence. The act is clearly to the contrary. It is rather an interlocutory judgment, in the nature of a conditional order placing the defendant under the supervision and control of the court, in a system of tutelage designed for his reformation, *(Frad v. Kelly, U. S. Marshal,* 302 U. S. 312; *Burns v. United States,* 287 U. S. 216, 220), to be followed by a final judgment of discharge, if the conditions of his probation are complied with (section 5), or by a final judgment of sentence on his being brought before the court following a violation of the terms of his probation, "which court may thereupon pronounce upon such defendant such sentence as may be prescribed by law, to begin at such time as the court may direct" (section 4). We are of opinion, giving consideration to the spirit of the decision in the Trunk case, that an order placing a defendant on probation, in the circumstances authorized by the Act of 1911 (P. L. 1055), is a judgment from which the defendant may appeal if he claims that error was committed on the trial, but it is not a *sentence* from which he must appeal within forty-five days after its entry, on pain of losing his right to appeal from a sentence subsequently imposed for violation of the terms and conditions of his probation. Like many other judgments, interlocutory in character, from which an appeal is allowed, (e. g. Act of April 18, 1874, P. L. 64; Act of April 4, 1877, P. L. 53), the defendant is not *obliged* to appeal until a final judgment — which in criminal cases is the sentence — is entered.

We have gone into the matter thus fully to clear up a matter of practice, as to which the courts and the profession have been in some doubt.

In the present case, however, such a review is not really essential. The relator pleaded guilty to burglary. A plea of guilty is just as effectual for a conviction as a verdict of guilty. "The mode of conviction whether by plea of guilty or trial before a jury, was a

matter of no moment": *Com. v. Thompson,* 321 Pa. 327, 331, 184 A. 97. A person convicted of burglary is expressly excluded from the probation provisions of the Act of 1911, P. L. 1055. See *Com. v. Arbach,* 113 Pa. Superior Ct. 137, 145, 172 A. 311. The court had no jurisdictional authority to extend the provisions of the act relating to probation before sentence (*Com. v. Arbach,* supra, p. 138), to a person convicted of burglary. No such power or authority has been given to any court in this Commonwealth. It was not a case of mere error, but one in which the court transcended its powers. The order was, in consequence, a nullity. In *Miller v. Aderhold,* 288 U. S. 206, 210, 211, the Supreme Court affirmed the judgment of the Circuit Court of Appeals, (5th Circuit), which had affirmed a judgment dismissing a writ of habeas corpus. The petitioner had pleaded guilty to stealing from the United States mails. Sentence was suspended and he was discharged from custody. Six months later, at a subsequent term of court, he was sentenced by another judge to four years imprisonment, from which he sought release by a writ of habeas corpus. Mr. Justice SUTHER-LAND, speaking for the court said: "In a criminal case final judgment means sentence; and a void order purporting permanently to suspend sentence is neither a final nor a valid judgment ...... If the suspension be for a fixed time, the case undoubtedly remains on the docket of the court until disposed of by final judgment. There is no good reason, in our opinion, why a different rule should obtain where the order of suspension, though expressly made permanent, is void. *Such an order is a mere nullity without force or effect, as though no order at all had been made; and the case necessarily remains pending until lawfully disposed of by sentence."* [italics supplied]. In *Frad v. Kelly, U. S. Marshal,* 302 U. S. 312, the petitioner pleaded guilty to three indictments in the District Court for the

Southern District of New York. Judge INCH, a district judge from another district (Eastern of New York), who had been assigned to try the cases, imposed a sentence of two years imprisonment under the first indictment (C96-116) and on the other indictments made the following order: "Imposition of sentence suspended. Probation for four years to begin after serving sentence on C96-116, subject to the standing probation order of this court". The petitioner served his sentence and thereupon entered upon his period of probation. Twenty months after Judge INCH had returned to his own district, application was made to him at chambers to discharge the petitioner from probation and to terminate the proceedings against him, pursuant to section 2 of the Act of March 4, 1925, c. 521, 43 Stat. 1259, 1260, U. S. Code, Title 18, secs. 724-727, authorizing the suspension of *imposition or execution* of sentence and the placing of defendant upon probation, for such period—not exceeding five years—and on such terms and conditions as the court may deem best. After notice to the probation officer of the Southern District and a hearing on the merits *in the Eastern District*, Judge INCH entered an order revoking the probation, discharging the petitioner from further supervision and terminating the proceedings against him. About a year later, on a petition by the probation officer of the Southern District a judge sitting in that district authorized a warrant for the petitioner's apprehension on a charge of violation of the terms of his probation. Thereafter the United States Attorney for the Southern District moved to vacate the order of Judge INCH. Before this could be heard the petitioner surrendered himself to the United States Marshal and sought a writ of habeas corpus and the United States Attorney moved that the petitioner be sentenced on the two indictments under which sentence had been suspended. The case came to the United States Supreme

Court from the judgment of the Circuit Court of Appeals (2d Circuit), reversing the District Court which granted the petition of habeas corpus and denied the motion for sentence. The Supreme Court, in an opinion by Mr. Justice ROBERTS, affirmed the Circuit Court of Appeals, and held that the order of Judge INCH, sitting in the Eastern District, after the termination of his service in the Southern District, was *"null"* for want of jurisdiction in him to make any order under the Probation Act, other than as a judge for the Southern District, specially sitting therein.

In *United States ex rel. Campbell v. Bishop,* 39 Fed. (2) 208, the trial judge, following a plea of guilty by the defendant to an indictment charging him with violation of the National Prohibition Act, indefinitely suspended sentence,—which was unlawful under the Federal practice, (See *Miller v. Aderhold,* supra)—and six months later revoked the suspension and committed defendant to the penitentiary. On appeal to the Circuit Court of Appeals for the 5th Circuit, this action was approved. The court pointed out that the indefinite suspension of sentence was unlawful and that the judge could have been required by mandamus to eliminate it, (citing *Ex parte United States,* 242 U. S. 27), and continued: "It follows that without mandamus he could, as he later did, eliminate the attempted suspension, and order commitment to the penitentiary." See also, *United States ex rel., Hansen v. Hill,* 4 Fed. Supp. 748.

Had the Commonwealth appealed from the order of May 4, 1934—see *Com. v. Mayloy,* 57 Pa. 291, 295; *Com. v. Lewis (No. 1),* 29 Pa. Superior Ct. 282—it would have been reversed as wholly beyond the power of the court. The fact that no appeal was taken did not render it a *legal* judgment, *(Com. ex rel. Nuber v. Keeper of Workhouse,* 6 Pa. Superior Ct. 420, 428), which could not be revoked after the term at which it was entered. Being without any jurisdictional warrant to enter it,

the court had the power to revoke it during a later term and impose a legal sentence in conformity with law. If the action was right, the court's reasons for it are not important: *Hill v. Wampler,* 298 U. S. 460, 467. The judgment of sentence which was imposed on June 4, 1934 was a valid judgment entered pursuant to the provisions of the Criminal Code and was the first judgment of sentence entered in the case. The order of probation of May 4, 1934 was a nullity, without any warrant or authority in law, which the court itself could revoke, without the action or intervention of an appellate court.

Our Supreme Court has, in recent cases, limited the common law rule that a court cannot change, modify or revoke its judgment after the term at which it was entered. In *Markofski v. Yanks,* 297 Pa. 74, 78, 146 A. 569, it was held that the rule applies only to final judgments and is not applicable to interlocutory orders or judgments. In *Kantor v. Herd,* 276 Pa. 519, 120 A. 450, a mechanic's lien case, it was suggested (p. 524, Mr. JUSTICE SADLER) that the rule should be limited to common law judgments and that as respects judgment in a statutory proceeding—and placing a defendant on probation is wholly statutory and apart from the common law—diligent appropriate action might be taken to change it though the term had passed. Following this, in *M. A. Long Co. v. Keystone P. C. Co.,* 302 Pa. 308, 312, 153 A. 429, Mr. Justice SIMPSON, speaking for the court, said: "To clarify the situation for the future, we now definitely say that in statutory proceedings the rule should not be applied, in the absence of a legislative requirement......The rule itself is a survival of a time when the judgment roll was finally closed at the end of the term, and all things appertaining to it were supposed to be closed with it; hence there appeared then to be some excuse for the existence of the rule. Now, however, no such reason exists."

But even if we were wrong in our conclusion that as the order of May 4, 1934 was wholly without any legal power or authority to support it, it could be revoked and a legal sentence imposed at a term subsequent to the April 1934 term, the appellant would not, in any event, be entitled to be discharged on a writ of habeas corpus.

We have already shown that the order of May 4, 1934 placing the defendant on probation was not a sentence. If, by a strict adherence to the old common law rule, it should be held that, although without any legal authority for its entry, it was such a judgment as could not be revoked by the court at a term subsequent to its entry, and a legal sentence imposed, on appeal from habeas corpus proceedings reviewing the sentence of June 4, 1934, we would not discharge the relator, but would send him back to be sentenced in accordance with law: *Com. v. Curry,* 285 Pa. 289, 298, 132 A. 370; *Halderman's Case,* 53 Pa. Superior Ct. 554, 557, 558; *Com. ex rel. Snyder v. Francies,* 58 Pa. Superior Ct. 273; *Com. ex rel. Gaffigan v. Francies,* 75 Pa. Superior Ct. 269. This, the appellant states, he does not want. In *Beale v. The Commonwealth,* 25 Pa. 11, 22, where the sentence was reversed and the record remitted to the court below in order that the defendant might be sentenced as required by law, Chief Justice LEWIS said: "The common law embodies in itself sufficient reason and common sense to reject the monstrous doctrine, that a prisoner whose guilt is established by a regular verdict is to escape punishment altogether, because the Court committed an error in passing the sentence. If this Court sanctioned such a rule, it would fail to perform the chief duty for which it was established. Our duty is to correct errors, and to 'minister justice'. But such a course would perpetuate error, and produce the most intolerable injustice." See also: *Com.*

*v. Cameron,* 42 Pa. Superior Ct. 347, 361, affirmed 229 Pa. 592, 79 A. 169; *Com. v. Shields (No. 2),* 50 Pa. Superior Ct. 194, 210; *Com. v. Bingle,* 62 Pa. Superior Ct. 105, 110; and section 8 of the Act of June 24, 1895, P. L. 212, creating this court.

The order of the court below dismissing the writ of habeas corpus and remanding relator to the Eastern State Penitentiary is affirmed.