## Commonwealth *v.* Elias, Appellant.

640

Argued October 2, 1958. Before JONES, C. J., BELL, MUSMANNO, JONES and COHEN, JJ.

*James B. Ceris,* with him *Samuel L. Goldstein,* for appellant.

*Richard P. Steward,* District Attorney, for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 16, 1959:

The appellant was tried on indictments charging him with receiving stolen goods and conspiracy to defraud the corporate owner of the property purloined. The jury found him guilty of the first charge but acquitted him of the second. After the defendant's motions in arrest of judgment and for a new trial had been overruled, the trial court entered an order sus-

pending sentence and placing the accused on probation for a period of five years on condition that he pay the costs of prosecution, a further sum of $500 for the use of Beaver County and that he make restitution to the owner of the stolen goods. The defendant appealed to the Superior Court which ruled that the order suspending sentence and placing the defendant on probation was interlocutory and unappealable. The appeal was accordingly quashed but not until after the court had passed upon the merits of the appellant's assignments of error—a course of procedure obviously not permissible if, as the court had concluded, its appellate jurisdiction was not competently invoked. We granted an allocatur, primarily, for the purpose of reviewing the ruling on the question of the order's appealability.

It is, of course, true that an order placing a convicted defendant on probation is interlocutory contrasted with a judgment of sentence which is final and, by statute, appealable within forty-five days of its entry. But, that does not mean that an order suspending sentence and placing a defendant on probation is not appealable. Interlocutory orders or decrees which have the effect of putting a litigant out of court or are capable, as in the present instance, of ultimately constituting a conclusive adjudication of the defendant's guilt are appealable. An example falling within the latter category would be where a convicted defendant, who has been placed upon probation, abides by the conditions of his probation and at its termination is discharged. If an appeal were to be denied him because of the interlocutory nature of the order suspending sentence and placing him on probation, his conviction, as so established, would stand against him for all future time and amount to a virtual admission of guilt without any review for alleged trial error.

That such an order is appealable was plainly so recognized by President Judge KELLER in a cogent dictum in *Commonwealth ex rel. Paige v. Smith*, 130 Pa. Superior Ct. 536, 543, 198 A. 812, where he said: "We are of opinion . . . that an order placing a defendant on probation, in the circumstances authorized by the Act of 1911 (P. L. 1055), is a judgment from which the defendant may appeal if he claims that error was committed on the trial, but it is not a *sentence* from which he must appeal within forty-five days after its entry, on pain of losing his right to appeal from a sentence subsequently imposed for violation of the terms and conditions of his probation. Like many other judgments, interlocutory in character, from which an appeal is allowed, (e.g. Act of April 18, 1874, P. L. 64; Act of April 4, 1877, P. L. 53), the defendant is not *obliged* to appeal until a final judgment—which in criminal cases is the sentence—is entered."

In *Commonwealth v. Trunk*, 311 Pa. 555, 565, 167 A. 333, the rule that "appeals may not be taken in criminal proceedings where judgment of sentence has not been passed" was modified to the extent that convictions on indictments for which the defendant was not sentenced were reviewable on appeal along with appeals from convictions on which judgments of sentence had been entered against the same defendant for "offenses [which] were part of a continuous series of events . . . ." As President Judge KELLER observed in the *Paige* case, supra, at p. 542, "The extent of that modification [in the Trunk case] has not been exactly stated, but it should be applied to cases where the quashing of such an appeal might work injustice to the defendant."

In *Commonwealth v. Haines*, 130 Pa. Superior Ct. 196, 198, 196 A. 621, the defendant was tried on two indictments respectively charging him with perjury

and false registration. The proofs adduced on the separate charges were identical and the defendant was convicted on both indictments. The trial court sentenced him on the one indictment and suspended sentence on the other. The Superior Court, in reliance on the holding in *Commonwealth v. Trunk,* supra, correctly ruled that the conviction for which sentence had been suspended was appealable.

The harm that would be done to a defendant by denying him an appeal from a conviction when sentence is suspended and he is placed on probation is patent. In the instant case the defendant pleaded not guilty and has at all times stoutly maintained his innocence. If he were to comply with the conditions. of the probation, which the trial court has imposed upon him, a judgment of sentence would never be entered against him and, in consequence, the errors in his trial, which he alleges, would go unreviewed and become moot. In reality, his compliance with the trial court's order would be tantamount to an admission of his guilt which he actually denies.

The justification for the allowance of an appeal from certain types of interlocutory orders entered by a trial court following a defendant's conviction in a criminal proceeding was well illustrated by the circumstances and ruling in *Commonwealth v. Ragone,* 317 Pa. 113, 126-128, 176 A. 454. In that case, which involved a trial on an indictment charging the defendant with murder, the jury returned a verdict of guilty of murder in the first degree with the penalty fixed at life imprisonment. However, the defendant was not sentenced in accordance with the jury's verdict. Instead, the trial court entered an order committing the defendant to a State mental hospital "in lieu of a sentence to the county jail or penitentiary". Although the order was in a sense interlocutory in that it was

not a judgment of sentence, we held it to be appealable nonetheless and, in consequence, set it aside, as well as the jury's verdict, and ordered a new trial to be had "when, if ever, this appellant is in mental condition to be legally tried." Had a right of appeal been denied defendant Ragone because the order committing him to a State mental institution was not a judgment of sentence, and was consequently interlocutory, a grave injustice would have been done him by his being put away in a mental institution without a review of his criminal trial on its merits having been had.

But, wholly apart from the appealability of an order suspending sentence following an accused's conviction of a criminal offense, it might be argued with some logic that, since by the provisions of Section 1 of the Act of June 19, 1911, P. L. 1055, as amended by the Act of May 7, 1925, P. L. 554, the terms and conditions of the probation "including the payment of money for the use of the county . . . [are] to be duly entered of record as a part of the *judgment* of the court", the order is appealable as in the case of any money judgment. (Emphasis supplied). It being presently unnecessary for us to consider or pass upon the suggested contention, we purposely refrain from so doing.

The case of *Commonwealth ex rel. Holly v. Ashe,* 368 Pa. 211, 218, 82 A. 2d 244, which the Superior Court cited, is not germane to the question of the appealability of an order suspending sentence and placing a convicted defendant on probation. In the *Holly* case, the question involved was as to the power of a court to sentence a defendant after the expiration of the term at which his conviction was had, the court never having priorly imposed any sentence therefor whatsoever. What we said in the *Holly* case about this court's recognition in *Commonwealth v. Trunk* that the judgment in a criminal case is the sentence

and not the conviction and that the ruling in the *Trunk* case was "special to its peculiar facts" was correct. The "peculiar facts" were that "great injustice would thereby be done to defendants" were they to be denied a right of appeal from an order suspending sentence in the circumstances there present.

As the defendant's appeal was cognizable in the Superior Court, the appellant's assignments of error were properly before that Court for disposition and were satisfactorily considered and rejected. Nothing further need be added to what was there said as to the sufficiency of the evidence to justify the jury's verdict that the defendant was guilty of having received stolen goods as charged in the indictment.

The order of the Superior Court quashing the appeal is vacated and the order of the court of quarter sessions of Beaver County is affirmed.

---

OPINION BY MR. JUSTICE MUSMANNO CONCURRING AND DISSENTING IN PART:

I concur in this Court's decision that the order of the lower Court was appealable, but I dissent from the holding that the evidence established the guilt of the defendant beyond a reasonable doubt.