348 A.2d 425

COMMONWEALTH of Pennsylvania,
Appellee,

v.

Marion Walton GILMORE, Appellant.

Supreme Court of Pennsylvania.

Argued Nov. 21, 1974.

Decided Oct. 30, 1975.

Rehearing Denied Dec. 16, 1975.

Bruce M. Dolfman, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Richard A. Sprague, 1st Asst. Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Bonnie Ledbetter, Asst. Dist. Atty., Mark Sendrow, Asst. Dist. Atty., Asst. Chief, Appeals Div., Abraham J. Gafni, Deputy Dist. Atty. for Law, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On December 8, 1971, while assisted by counsel, the appellant, Marion Walton Gilmore, entered pleas of guilty to two criminal indictments: (1) charging him with conspiracy in connection with the homicide of one Charles Alexander; and (2) charging him with the murder of Alexander. After acceptance of the guilty pleas, an evidentiary hearing ensued to determine the degree of guilt on the murder indictment, and following this Gilmore was adjudged guilty of voluntary manslaughter. On February 28, 1972, the trial court imposed a prison sentence of eleven and one-half to twenty-three months on the conspiracy conviction and a prison sentence of five to ten years on the manslaughter conviction, but immediately stated that this last sentence would be suspended in favor of a ten year term of probation. Such an order of probation was then entered. No motion to withdraw the pleas, nor motion of any nature, was filed in the trial court. Likewise, an appeal was not entered.

On April 9, 1973, Gilmore was found guilty of aggravated robbery, and was sentenced to prison on this conviction for a period of four to ten years. On November 28, 1973, after a counseled hearing, the trial court found Gilmore violated the terms of probation imposed on February 28, 1972, revoked the order of probation and sentenced him to prison for five to ten years on the 1971 manslaughter conviction. This sentence was directed to run concurrently with the prison sentence imposed on the robbery conviction. This appeal then followed.

Gilmore does not now challenge the validity of the revocation proceedings conducted on November 28, 1973, nor the authority or propriety of the court's order revoking its previous order of probation. His attack is directed solely to the validity of the guilty pleas entered on December 8, 1972. He contends these pleas were not knowing and intelligent because at the time the pleas were entered the nature of the charges upon which the indictments were based was not "adequately explained." Cf. *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). Under the circumstances, this issue may not be raised at this late date.

Gilmore does not contend he was denied his *Douglas* rights of appeal from the order of February 28, 1972, placing him on probation for a period of ten years. Neither does he contest that the knowing failure to appeal from a final judgment of sentence following a plea of guilty to a criminal indictment precludes a subsequent attack on the validity of the guilty plea. But, he says, an order placing a criminal defendant on probation is not a final judgment and, although it is appealable, the defendant is not obliged to appeal until a final judgment is entered and may in an appeal from the final judgment challenge the validity of the conviction from which the probation order flowed. Certain language in *Commonwealth ex rel. Paige v. Smith*, 130 Pa.Super. 536, 198 A. 812 (1938), quoted with approval by this Court in *Com-*

*monwealth v. Elias,* 394 Pa. 639, 149 A.2d 53 (1959), is cited in support of this position.[1] In our view, the language cited is misconstrued.

It is true that an order placing a criminal defendant on probation need not be appealed and the failure to so appeal does not preclude a subsequent appeal from the final judgment of sentence imposed following an order revoking the probation. See *Commonwealth ex rel. Paige v. Smith,* supra, and *Commonwealth v. Elias,* supra. However, in such an appeal following the final judgment, the review is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence. The knowing failure to appeal from the order of probation constitutes a waiver of the right to challenge the validity of the conviction upon which the probation order is based. As we pointed out in *Elias,* supra at 643, 149 A.2d at 55, a judgment of sentence may never be imposed on a criminal defendant who is placed on probation and hence, unless such an order is appealable, errors in the trial proceedings would go unreviewed and "become moot." To foreclose such an unfair possibility, to bring finality to the proceedings which preceded it, and to give the aggrieved defendant the opportunity to challenge the validity of the conviction upon which it is based a probation order, although interlocutory in nature, is made appealable.

Judgment affirmed.

1. The language is as follows:
"We are of opinion . . . that an order placing a defendant on probation, in the circumstances authorized by the Act of 1911 (P.L. 1055), 19 P.S. § 1051 et seq., is a judgment from which the defendant may appeal if he claims that error was committed on the trial, but it is not a *sentence* from which he must appeal within forty-five days after its entry, on pain of losing his right to appeal from a sentence subsequently imposed for violation of the terms and conditions of his probation. Like many other judgments, interlocutory in character, from which an appeal is allowed . . . the defendant is not *obliged* to appeal until a final judgment—which in criminal cases is a sentence—is entered." 394 Pa. at 642, 149 A.2d at 54–55.

ROBERTS, J., filed a concurring opinion.

MANDERINO, J., filed a dissenting opinion.

POMEROY, J., did not participate in the consideration or decision of this case.

ROBERTS, Justice (concurring).

I concur in the majority's result. In my view an order imposing a term of probation on a criminal defendant is a judgment of sentence and this Court should say so.

In *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967), we held that the imposition of probation on a defendant was a judgment of sentence for purposes of determining whether the defendant had twice been placed in jeopardy for the same offense.

The practical effect of today's decision is to make such an order an appealable judgment of sentence for all purposes. As with any other judgment of sentence, the failure to appeal the order within the period allowed for appeals from judgments of sentence foreclosed appellant from asserting, now, the errors claimed to have occurred at trial. To the extent that *Commonwealth v. Elias*, 394 Pa. 639, 149 A.2d 53 (1959), is inconsistent with what we hold today, it should be overruled.

MANDERINO, Justice (dissenting).

I dissent. For years the appellate courts of this Commonwealth have been saying that an order placing a criminal defendant on probation is interlocutory and need not be appealed at the time it is entered, but may be appealed at the time a sentence of imprisonment is imposed (if such a sentence is ever imposed). In *Commonwealth v. Elias*, 394 Pa. 639, 642, 149 A.2d 53, 54–55 (1959), we said such an order

"is a judgment from which the defendant may appeal
. . . but it is not a *sentence* from which he must ap-

peal within forty-five days after its entry, on pain of losing his right to appeal from a sentence subsequently imposed for violation of the terms and conditions of his probation" (emphasis in original)

In *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967), citing *Elias,* supra, we repeated that an order placing a defendant on probation "*[w]hile interlocutory, . . . is an appealable order.* (emphasis added.)

Likewise, the Superior Court has pointed out that

"[f]or many years it was the practice to quash as interlocutory, appeals [from the imposition of probation], unless it was necessary to make an exception in order to safeguard basic human rights." (citations omitted)

*Commonwealth v. Hendrick*, 197 Pa.Super. 230, 177 A.2d 162 (1962).

And as recently as 1975, Judge Spaeth expressed this Rule in a concurring opinion to *Commonwealth v. Tomlin*, 232 Pa.Super. 147, 336 A.2d 407 (1975), stating that

"[a]ppellant did not, however, have to appeal the probation order. As in other cases where an appeal from an interlocutory order is allowed, he could defer appeal until final judgment (the sentence). (citation omitted). That is what he did, and I agree that on his appeal the sentence should be vacated for the reasons set forth in Judge Hoffman's opinion [expressing the view of the majority of the court]."

If a defendant does not have to appeal the order imposing probation at the time it is entered because such an order is interlocutory, how can we now say that by not appealing he has "[waived his] right to challenge the validity of the conviction upon which the probation order is based"? He has relied on the decisions of the appellate courts of this Commonwealth, and such reliance should not now be betrayed.