400 A.2d 194

COMMONWEALTH of Pennsylvania

v.

Francis Eugene WHITE, Appellant.

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided March 28, 1979.

496

Joseph G. Kanfoush, Pittsburgh, for appellant.

David B. Douds, Assistant District Attorney, Mercer, for Commonwealth, appellee.

498

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PRICE, Judge:

The instant appeal is brought by appellant as a challenge to his re-sentence following a parole violation. For the reasons stated herein, we affirm the orders of the court below.

The following events are pertinent to this appeal. Appellant was convicted by a jury on December 20, 1972, of three different charges: (1) issuing a worthless check;[1] (2) violating the Pennsylvania Securities Act;[2] and (3) cheating by fraudulent pretenses.[3] On February 26, 1974, he was sentenced to consecutive terms as follows: (1) eleven and one-half (11½) to twenty-three (23) months imprisonment plus restitution of $2,000 on the worthless check charge; (2) one year imprisonment plus costs of prosecution on the securities charge; and (3) two and one-half (2½) to five (5) years imprisonment plus restitution of $30,000 on the fraudulent pretenses charge. The court then suspended the prison sentences on the latter two charges. On August 1, 1975, the court ordered appellant to be released from prison,[4] and placed him on probation for a term of five years. The order encompassed all three charges and was not restricted to the worthless check charge. Appellant subsequently violated the terms of probation, and on February 7, 1977, the court below vacated the order of probation and reinstated the original February 26, 1974 sentences. The court, however,

1. Act of June 24, 1939, P.L. 872, § 854, *as amended*, 18 P.S. § 4854, *repealed*, Act of Dec. 6, 1972, P.L. 1482, § 5.

2. Act of June 24, 1939, P.L. 748, § 22, *as amended*, 70 P.S. § 52.

3. Act of June 24, 1939, P.L. 872, *supra* note 1, § 836, *as amended*, 18 P.S. § 4836.

4. The court acted pursuant to the Act of Aug. 6, 1941, P.L. 861, § 17, *as amended*, 61 P.S. § 331.17, which permits a local court to release on parole any prisoner sentenced by the court to a prison term of less than two years. *See also* Act of June 19, 1911, P.L. 1059, § 1, *as amended*, 61 P.S. § 314.

specifically revoked that portion of the February 26, 1974 order suspending the sentences to the offenses of violating the Pennsylvania Securities Act and cheating by fraudulent pretenses. The effect was to reinstate the full sentences to all three offenses. On February 10, 1977, the court entered an additional order affirming the order of February 7.

■ Appellant has appealed from the orders of February 7, and February 10, 1977, alleging that those orders subject him to double jeopardy in violation of his federal constitutional right to due process of the law.[5] In support of this contention, appellant reasons that the order of probation on August 1, 1975, was an increase in sentence over the original sentences of February 26, 1974, and thus a violation of his double jeopardy rights. Appellant argues that because this increase constituted double jeopardy, he cannot be re-sentenced for violating the terms of that probation as the court did in its February 7, 1977 order. Appellee, while not challenging this reasoning, alleges that appellant's failure to appeal the August 1, 1975 probation order within thirty (30) days pursuant to Pa.R.A.P. 903(a); *see also* Act of July 31, 1970, P.L. 673, art. V, § 502, 17 P.S. § 211.502(a) (Supp. 1978–79), constitutes a waiver of any defects in that order, including the alleged defect of double jeopardy. We agree with the Commonwealth's contention.

■ Initially, the double jeopardy prohibition of the federal constitution entails a trilogy of rights.

"It protects against a second prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. *And it protects against multiple punishment for the same of-*

5. In *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Supreme Court ruled that the fifth amendment double jeopardy provision was incorporated into the fourteenth amendment due process clause and was binding on the states. Appellant has not alleged that the action of the lower court violates his right against double jeopardy under the Pennsylvania Constitution, art. 1, § 10, since that provision has been held applicable only to capital offenses. *See, e. g., Commonwealth v. Henderson*, 482 Pa. 359, 393 A.2d 1146 (1978); *Commonwealth v. Simpson*, 310 Pa. 380, 165 A. 498 (1933).

fense." *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed. 656 (1969) (emphasis added) (footnotes omitted).

*See Commonwealth v. Brown*, 455 Pa. 274, 314 A.2d 506 (1974); *Commonwealth v. Silverman*, 442 Pa. 211, 275 A.2d 308 (1971), *cert. denied*, 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794 (1972). In determining whether appellant was subjected to multiple punishment, the rule in this Commonwealth is that probation is an order of sentence for purposes of double jeopardy analysis.[6] *See Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967); *Commonwealth v. Stewart*, 257 Pa.Super. 334, 344, 390 A.2d 1264, 1269 n. 11 (1978).

Applying these rules to the instant case, it is clear that appellant was subjected to double jeopardy by the August 1, 1975 order of probation. While on February 26, 1974, appellant had been sentenced to suspended prison terms on the securities and false pretenses charges, fifteen months later the court increased the sentences on those offenses by imposing additional sentences of probation. While this was clearly improper with respect to those two charges,[7] appellant chose to remain silent and enjoy the benefits of that order by being paroled from prison. Therefore, his present attempt to litigate the propriety of the probation order is improvident.

**6.** An exception to this rule applies to cases in which a defendant is re-sentenced following a violation of the terms of probation. To avoid a claim of double jeopardy in such cases, the initial order of probation is deemed a mere "conditional" order and is not considered a "final order" of sentence which is increased by the subsequent re-sentence. *See, e. g., Commonwealth v. Colding*, 482 Pa. 112, 393 A.2d 404 (1978); *Commonwealth v. Vivian*, 426 Pa. 192, 231 A.2d 301 (1967).

**7.** The court below was authorized to order appellant paroled and placed on probation with respect to the worthless check charge since he was serving an actual prison term of less than two years. *See* Act of Aug. 6, 1941, *supra* note 4; Act of June 19, 1911, *supra* note 4. Even in that instance, however, the order of probation for a term of five years was improper because the maximum possible term for the worthless check charge was only two years. *See* Act of June 19, 1911, *supra* note 4; Act of June 24, 1939, *supra* note 1.

■ The courts of this Commonwealth have held that a claim of double jeopardy may be waived if not presented in a timely manner. *See Commonwealth v. Peters*, 473 Pa. 72, 373 A.2d 1055 (1977); *Commonwealth v. Stewart, supra*; *Commonwealth v. Fisher*, 244 Pa.Super. 361, 368 A.2d 762 (1976). Appellant contends, however, that for purposes of appellate procedure, an order of probation is not a "final judgment of sentence" from which an appeal must be immediately pursued. As support for this proposition, appellant cites *Commonwealth v. Gilmore*, 465 Pa. 202, 348 A.2d 425 (1975); *Commonwealth v. Elias*, 394 Pa. 639, 149 A.2d 53 (1959); and *Commonwealth ex rel. Paige v. Smith*, 130 Pa.Super. 536, 198 A. 812 (1938). The common thread running through each case is language from *Paige*, wherein this court stated,

"We are of opinion, . . . that an order placing a defendant on probation, . . . is a judgment from which the defendant may appeal if he claims that error was committed on the trial, but it is not a *sentence* from which he must appeal within forty-five days after its entry, on pain of losing his right to appeal from a sentence subsequently imposed for violation of the terms and conditions of his probation. Like many other judgments interlocutory in character, from which an appeal is allowed, . . . the defendant is not *obliged* to appeal until a final judgment—which in criminal cases is the sentence— is entered." *Commonwealth ex rel. Paige v. Smith, supra*, 130 Pa.Super. at 543, 198 A. at 815 (emphasis in original); *see Commonwealth v. Gilmore, supra*, 465 Pa. at 205 n. 1, 348 A.2d at 427 n. 1; *Commonwealth v. Elias, supra*, 394 Pa. at 642, 149 A.2d at 54–55.

Thereafter, until 1975, uncertainty existed whether the appeal of all alleged errors may be delayed unless and until the probation was violated and a new sentence imposed. In *Commonwealth v. Gilmore, supra*, the supreme court opined that such a delay was impermissible. The court had previously held that an order of probation could be appealed immediately. *See, e. g., Commonwealth v. Vivian, supra*;

502

*Commonwealth v. Elias, supra*; *Commonwealth ex rel. Paige v. Smith, supra.* The rationale for this decision was obvious—to preclude immediate appellate review by characterizing probation as a "conditional order" and not a "final judgment of sentence" would deny a convicted defendant the opportunity to seek reversal of his conviction based upon any errors in the trial. This would result, since if the term of probation was fully served and the defendant discharged, no "final sentence" in the technical sense would have been imposed from which the defendant could have appealed. *See Commonwealth v. Elias, supra.* Because of this immediate opportunity to appeal a probation order, the court in *Gilmore* ruled "The knowing failure to appeal from the order of probation constitutes a waiver of the right to challenge the validity of the conviction upon which the probation order is based." *Commonwealth v. Gilmore, supra*, 465 Pa. at 205, 348 A.2d at 427. *See also Commonwealth v. Sylvanus*, 246 Pa.Super. 93, 369 A.2d 826 (1976).

Although *Gilmore* arose in the context of a challenge to the conviction upon which the order of probation was based, we find the reasoning and holding of that case determinative in the instant proceeding. When the court below imposed the August 1, 1975 order of probation and impliedly vacated the original suspension of sentences, appellant could have immediately challenged that order as violative of his double jeopardy rights or as procedurally defective as being beyond the permissible period for amending an order of sentence. *See* Act of June 1, 1959, P.L. 342, § 1, 12 P.S. § 1032 (Supp. 1978–79). In such a case, the appellate courts of this Commonwealth would have been required to review the amended sentence, because to refuse to do so would have resulted in having the issue "go unreviewed and 'become moot'" if appellant had served the five years of probation without violating the terms of the August 1, 1975 order. *Commonwealth v. Gilmore, supra*, 465 Pa. at 205, 348 A.2d at 427; *Commonwealth v. Elias, supra*, 394 Pa. at 643, 149 A.2d at 55. Therefore, under *Gilmore*, appellant's failure to utilize his opportunity to appeal the order of

probation constitutes a waiver of any defects relating to that order,[8] and our appellate "review is limited to the validity of the revocation proceedings and the legality of the final judgment of sentence." *Id.*

Appellant has not contested the "validity" of the revocation proceedings, and upon independent review we conclude that the proceedings were proper and clearly established that appellant had violated the terms of the probation order.

■ Finally, although not presented by appellant, we are compelled to review the propriety of the final sentence of February 7, 1977. Specifically, was the final sentence totaling seven (7) years and eleven (11) months permissible in light of the earlier order imposing probation for five (5) years? We hold that it was.

At the time of the instant proceeding, the procedure for imposing probation in this Commonwealth derived from two statutory provisions. Under the Act of June 19, 1911, P.L. 1055, § 1, *as amended,* 19 P.S. § 1051, a court was authorized to suspend the imposition of sentence and place a defendant on probation for a definite period of time. *See also* Act of May 10, 1909, P.L. 495, § 1, 19 P.S. § 1081. In contrast, the Act of August 6, 1941, P.L. 861, § 25, 61 P.S. § 331.25, permitted the imposition of an order of probation in lieu of

---

8. It should be noted that the usual rule regarding the non-waivability of an illegal sentence is inapplicable to the instant proceeding. Generally, a sentence is deemed illegal and therefore justiciable at any time if it exceeds the statutory limits imposed for the underlying offense, *see Commonwealth v. Brunner,* 243 Pa.Super. 55, 364 A.2d 446 (1976); *Commonwealth v. Lane,* 236 Pa.Super. 462, 465 n. 5, 345 A.2d 233, 234 n. 5 (1975), or the defendant is sentenced to multiple sentences for a single act, *see Commonwealth v. Walker,* 468 Pa. 323, 362 A.2d 227 (1976). In the instant case, the original sentences imposed were within the statutory limits for those offenses. Moreover, probation was a viable sentencing alternative at the time it was imposed; the only defect was that it was not imposed at the time of the original suspension of sentences on February 26, 1974. *See* Act of June 19, 1911, P.L. 1055, § 1, *as amended,* 19 P.S. § 1051. Consequently, the probation order was not illegal, and could not be raised beyond the statutory time for appeal. *See Commonwealth v. McCabe,* 242 Pa.Super. 413, 364 A.2d 338 (1976), *aff'd,* 479 Pa. 273, 388 A.2d 323 (1978).

sentencing.  The effect of this distinction has been stated as follows:

"If a defendant is sentenced, but the judge chooses to suspend sentence pending a period of probation, [19 P.S. § 1051] the trial judge may re-sentence the defendant if he violates that probation.  The maximum period of the re-sentence is limited, however, to the maximum term under which the defendant was originally sentenced. . .

"The instant case does not involve a situation where appellant was re-sentenced after a suspended sentence. [Footnote omitted].  By exercising the statutory option of imposing a period of probation in *lieu* of sentencing, [61 P.S. § 331.25] the court defers sentencing a defendant to a fixed term of imprisonment until such time as the defendant has violated the conditions of his probation.  In other words, the setting of the term of probation is not a term of sentence, and may not act as a limitation on the court to impose a sentence for a term of years greater than the probationary period, not in excess of the maximum fixed by law for the particular offense." *Commonwealth v. Cole*, 222 Pa.Super. 229, 231–32, 294 A.2d 824, 825–26 (1972).

Applying the above rules, it is obvious that the February 7, 1977 sentence was permissible under both provisions since neither limits the subsequent re-sentence to the length of the intervening order of probation.  Because the re-sentence was both in accordance with the original sentence of February 26, 1974, and the maximum sentences for the offenses, it was not excessive under either provision.

We note, however, that the applicable provision would be the Act of 1911, *supra*.  The record in this case clearly establishes that the lower court had previously imposed definite sentences on all three charges, but then chose to suspend the sentences on the latter two.  At this point, the probationary terms could have been imposed on the two suspended sentences.  The only defect in the court's action was to postpone the imposition of probation until fifteen

months later instead of imposing the probation at the time the sentences were originally suspended. Excluding this delay, the procedure employed clearly accords with the Act of 1911, *supra*. Accordingly, the benchmark by which to adjudge the maximum length of the February 7, 1977 re-sentence is the length of the original sentences of February 26, 1974. Because the re-sentences are identical to those original sentences, they are not excessive under the Act of 1911, *supra*.

Orders of the lower court affirmed.

SPAETH, J., concurs in the result.

JACOBS and WATKINS, former President Judges, and HOFFMAN, J., did not participate in the consideration or decision of this case.