J-S62011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JUAN CARLOS HOUSE, | |
| Appellant | No. 2203 AND 2205 EDA 2013 |

Appeal from the Judgment of Sentence entered July 2, 2013,
in the Court of Common Pleas of Delaware County,
Criminal Division, at No(s): CP-23-CR-0002557-2010
and CP-23-CR-0005041-2010

BEFORE: ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 07, 2014**

Juan Carlos House ("Appellant") appeals from the judgment of sentence imposed after the trial court revoked his probation at Docket No. 2557-2010 and Docket No. 5041-2010. Appellant's appointed counsel seeks to withdraw, citing ***Anders v. California***, 386 U.S. 738 (1967) and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981). We affirm the judgment of sentence and grant counsel's petition to withdraw.

The pertinent facts and procedural history are as follows:

**Docket No. 2557-2010**: On December 12, 2009, a 14-year-old female victim contacted police and reported that an unidentified man had indecently exposed himself to her at a movie theatre. On February 28, 2010, the victim again encountered Appellant in the vicinity of the movie

theatre, and immediately recognized him as the same man who had exposed himself to her. Affidavit of Probable Cause, 3/1/10. The victim alerted police and Appellant was arrested and charged with indecent exposure. On June 22, 2010, the trial court sentenced Appellant to a term of imprisonment of time served to 23 months plus a consecutive three years of probation.

On August 10, 2010, a bench warrant was issued for Appellant's detention after he was arrested for retail theft at Docket No. 5041-2010 (see below). Following a revocation hearing, Appellant was sentenced on November 15, 2010 to serve 513 days of back time, plus a consecutive 3 years of probation. The judgment of sentence was subsequently amended to reflect back time of 482 days plus credit for time served.

**Docket No. 5041-2010**: On August 5, 2010, officers from the Sharon Hill Police Department received a report of retail theft at the Acme Market. Following an investigation, Appellant was arrested and subsequently charged with retail theft at Docket No. 5041-2010. On November 15, 2010, Appellant pled guilty, and that same day, the trial court sentenced him to 3 years of probation.

On September 11, 2012, bench warrants for Appellant's arrest were issued at both Docket No. 2557-2010 and Docket No. 5041-2010, on the basis that Appellant had violated the conditions of his probation when he was arrested on September 10, 2012 for issuing bad checks. Following a probation revocation hearing on July 2, 2013, at which Appellant proceeded

*pro se*, the trial court sentenced Appellant to 18 to 36 months of imprisonment for indecent exposure, with 41 days of credit for time served, and a concurrent 18 to 36 months of imprisonment for retail theft, with 41 days of credit for time served.

Appellant filed a *pro se* motion for reconsideration on July 11, 2013, and on July 15, 2013, the trial court entered an order amending the judgment of sentence to award Appellant credit for 110 days of time served. Appellant filed a notice of appeal on July 31, 2013, and the trial court directed Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). On August 19, 2013, Appellant's counsel filed a notice of intent to file an **Anders** brief pursuant to Pa.R.A.P. 1925(c)(4), and on October 1, 2013, the trial court entered a Pa.R.A.P. 1925(a) opinion.

Appellant presents the following issue for our review:

> The sentence was harsh and excessive under the circumstances and was pronounced with insufficient reasons placed on the record.

***Ander's*** Brief at 5.

Preliminarily, we note that Appellant's counsel has filed a brief pursuant to **Anders** and its Pennsylvania counterpart, **McClendon**. **See Anders**, 386 U.S. 738; **McClendon**, 434 A.2d at 1187. Where an **Anders/McClendon** brief has been presented, our standard of review requires counsel seeking permission to withdraw pursuant to **Anders** to:

(1) petition the court for leave to withdraw stating that after making a conscientious examination of the record it has been determined that the appeal would be frivolous; (2) file a brief referring to anything that might arguably support the appeal, but which does not resemble a "no merit" letter or amicus curiae brief; and (3) furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or raise any additional points that he deems worthy of the court's attention. *Commonwealth v. McBride*, 957 A.2d 752, 756 (Pa. Super. 2008). Counsel is required to submit to this Court "a copy of any letter used by counsel to advise the appellant of the rights associated with the *Anders* process." *Commonwealth v. Woods*, 939 A.2d 896, 900 (Pa. Super. 2007). Pursuant to *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009), appellant's counsel must state in the *Anders* brief the reasons for concluding that the appeal is frivolous. If these requirements are met, this Court may then review the record to determine whether we agree with counsel's assessment that the appeal is frivolous.

In the instant case, by letter dated April 21, 2014, Appellant's counsel notified Appellant of his intent to file an *Anders* brief and petition to withdraw with this Court, and informed Appellant of his rights to retain new counsel and raise additional issues. On April 24, 2014, Appellant's counsel filed an appropriate petition seeking leave to withdraw. Additionally, Appellant's counsel has submitted an *Anders* brief to this Court, with a copy

provided to Appellant. Accordingly, the technical requirements of **Anders** have been met. We will therefore conduct an independent examination of the issue in the **Anders** brief to determine if it is frivolous and whether counsel should be permitted to withdraw.

Appellant asserts that his sentence was harsh and excessive and that the trial court failed to state sufficient reasons on the record for its sentence. **Anders** Brief at 11-12. Such a challenge to the discretionary aspects of a sentence is not appealable as of right. Rather, Appellant must petition for allowance of appeal pursuant to 42 Pa.C.S.A. § 9781. **Commonwealth v. Hanson**, 856 A.2d 1254, 1257 (Pa. Super. 2004).

> Before we reach the merits of this [issue], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code. The third and fourth of these requirements arise because Appellant's attack on his sentence is not an appeal as of right. Rather, he must petition this Court, in his concise statement of reasons, to grant consideration of his appeal on the grounds that there is a substantial question. Finally, if the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Austin**, 66 A.3d 798, 808 (Pa. Super. 2013) (citations omitted).

Here, Appellant preserved his claim by filing a post-sentence motion and a timely notice of appeal. Appellant has additionally included in his brief

a concise statement pursuant to Pa.R.A.P. 2119(f). *See Anders* Brief at 9-10. We therefore proceed to determine whether Appellant has raised a substantial question for our review.

"In determining whether a substantial question exists, this Court does not examine the merits of whether the sentence is actually excessive. Rather, we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable. Concomitantly, the substantial question determination does not require the court to decide the merits of whether the sentence is clearly unreasonable." *Commonwealth v. Dodge,* 77 A.3d 1263, 1270 (Pa. Super. 2013). Here, Appellant claims that the trial court failed to consider imposing a lesser sentence such as partial confinement, rather than a sentence of total confinement. Appellant asserts that the court failed to appropriately consider mitigating facts of record and impose a less restrictive sentence. *Anders* Brief at 8-12. This assertion does not constitute a substantial question for our review. *See Commonwealth v. Buterbaugh*, (mere assertion that the trial court failed to consider mitigating facts of record failed to raise a substantial question). Accordingly, Appellant's claim is without merit because it fails to raise a substantial question. Moreover, in accordance with *Anders*, we have independently examined the record, and discern no other claims, not advanced by counsel, which pertain to the

discretionary aspects of Appellant's sentence, and would raise a substantial question for appellate review.

In addition to the *Anders* brief filed by counsel, Appellant has filed with this Court a "Letter Response to Anders Brief." In general, when examining most non-*Anders* cases, this Court will not review *pro se* briefs or filings by appellants who have the benefit of counsel. ***Commonwealth v. Nischan***, 928 A.2d 349, 353 (Pa. Super. 2007). However, as we explained in ***Nischan***, after counsel files the *Anders* brief, an appellant may file a *pro se* brief, and when conducting an *Anders* review, this Court will consider not only the brief filed by counsel but also any *pro se* appellate brief to determine whether we agree with counsel's assessment that the appeal is frivolous. ***Nischan***, 928 A.2d at 353-354; ***see also Commonwealth v. Baney***, 860 A.2d 127 (Pa. Super. 2004). Because Appellant has submitted a *pro se* filing in response to counsel's *Anders* brief, we will review it.

From Appellant's *pro se* "Letter Response to Anders Brief", we discern the following issues:

1. Whether the sentence of 18 to 26 months imposed following revocation of Appellant's probation violated the Double Jeopardy Clause?

2. Whether the trial court failed to consider the sentencing guidelines when it imposed a sentence of 18 to 26 months of total confinement following the revocation of Appellant's probation?

3. Whether the sentence imposed following revocation of Appellant's probation violated his Sixth Amendment right according to ***Alleyne v. United States***, –––U.S. ––––, 133 S.Ct. 2151 (2013), by enhancing Appellant's

sentence beyond the statutory maximum without the underlying factors having been submitted to a jury?

Letter Response to *Anders* Brief, 8/11/14.

In his first issue, Appellant argues that the trial court violated the Double Jeopardy Clause when it sentenced him to 18 - 36 months of imprisonment at Docket No. 2557-2010 following the revocation of his probation. "The Double Jeopardy Clause of the Fifth Amendment to the United States Constitution 'prohibits the Commonwealth from punishing an accused twice for the same offense.'" *Commonwealth v. Higginbottom*, 678 A.2d 408, 411 (Pa. Super. 1996). Appellant claims that following revocation of his probation, the trial court violated the Double Jeopardy Clause when it resentenced him at Docket No. 2557-2010, because he had already completed his original sentence. Upon review, we conclude that the trial court did not violate Appellant's double jeopardy protection against multiple punishments for the same offense when it revoked Appellant's probation and resentenced him to 18 - 36 months of imprisonment.

The record reveals that at Docket No. 2557-2010, Appellant was originally sentenced to a term of imprisonment of time served to 23 months plus a consecutive 3 years of probation. After Appellant was released on probation, his probation was revoked following his Docket No. 5041-2010 arrest and conviction for retail theft, and he was resentenced on November 15, 2010 to serve 482 days of back time plus a consecutive 3 years of probation. Appellant was subsequently released on probation once again,

but prior to the completion of his probationary term, he was arrested for issuing bad checks, resulting in the instant revocation proceedings, following which he was resentenced to 18 - 36 months imprisonment. Thus, contrary to Appellant's assertion that he had completed his original sentence at Docket No. 2557-2010 at the time he was re-sentenced on July 2, 2013, the record reflects that he was still serving his original probationary sentence at that time. We conclude therefore that the trial court did not violate Appellant's double jeopardy protection against multiple punishments for the same offense when it revoked Appellant's probation and resentenced him to 18 - 36 months imprisonment. *See Commonwealth v. Vivian*, 231 A.2d 301, 306 (Pa. 1967) ("If a defendant is placed on probation ... the court clearly has the right to later modify the order of probation if the terms thereof are violated or conditions thereof are not met, and if this occurs, this does not constitute double jeopardy."); *Commonwealth v. Colding*, 393 A.2d 404, 406 (Pa. 1978) ("probation is conditional in nature, subject to revocation and the imposition of a term of imprisonment upon a breach of its conditions"); *Commonwealth v. White*, 400 A.2d 194, 196 (Pa. Super. 1979) (double jeopardy protections are not violated where a defendant is re-sentenced following a violation of the terms of probation because the initial order of probation is deemed a mere 'conditional' order and is not considered a 'final order' of sentence which is increased by the subsequent re-sentence).

Appellant's second and third arguments are interrelated; therefore we address them together. Appellant argues that at Docket No 2557-2010, following revocation of his probation, the trial court improperly imposed a sentence in excess of the sentencing guidelines. Appellant additionally argues that in imposing a sentence in excess of the sentencing guidelines, the trial court effectively enhanced his sentence based on factors which were not submitted to a jury, in violation of *Alleyne v. United States*, −−−U.S. −−−−, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

This Court has repeatedly observed that "sentencing guidelines are not utilized in determining the length of sentences imposed following a revocation of probation." *Commonwealth v. Williams*, 69 A.3d 735, 751 (Pa. Super. 2013); *see also Commonwealth v. Ferguson*, 893 A.2d 735, 739 (Pa. Super. 2006) ("Sentencing Guidelines do not apply to sentences imposed following a revocation of probation); *Commonwealth v. Coolbaugh*, 770 A.2d 788, 792 (Pa. Super. 2001) (citations omitted) ("it is well settled that [t]he sentencing guidelines do not apply to sentences imposed as a result of probation or parole revocations"). Therefore, Appellant's claim that following revocation of his probation the trial court failed to sentence him in accordance with the sentencing guidelines is without merit.

Moreover, Appellant's claim that his sentence exceeded the sentencing guidelines does not implicate *Alleyne*. It is well established that "the

Sentencing Guidelines are purely advisory in nature [and] do not alter the legal rights or duties of the defendant, the prosecutor or the sentencing court, [but] are merely one factor among many that the court must consider in imposing a sentence." *Commonwealth v. Yuhasz*, 923 A.2d 1111, 1118 (Pa. 2007). In contrast, *Alleyne* holds that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Alleyne v. United States*, 133 S. Ct. 2151, 2155, 186 L. Ed. 2d 314 (2013). Because the sentencing guidelines, which are advisory, do not "by law increase the penalty for a crime," *Alleyne* is inapposite. *See e.g. United States v. Robinson*, 556 F. App'x 68, 70 (3d Cir. 2014) ("In *Alleyne*, the Supreme Court held that a fact that increases a mandatory minimum sentence must be submitted to the jury and be found beyond a reasonable doubt. That ruling does not mean that any fact that influences judicial discretion must be found by a jury [such that] the District Court retained the ability to make factual findings necessary to calculate the defendant's advisory Sentencing Guidelines range."); *United States v. Freeman*, 09-2166, 2014 WL 4056553 (3d Cir. Aug. 18, 2014) (citations omitted) ("factual findings made for purposes of applying the Guidelines, which influence the sentencing judge's discretion in imposing an advisory Guidelines sentence and do not result in imposition of a mandatory minimum sentence, do not violate the rule in *Alleyne*").

Appellant's conviction for indecent exposure at Docket No. 2557-2010, a first-degree misdemeanor, carried a maximum penalty of five years of incarceration. His sentence of 18 - 36 months of imprisonment fell within the statutory maximum. *See* 18 Pa.C.S.A. § 3127(b); 18 Pa.C.S.A. § 1104. Having conducted an independent review of the record, we discern no non-frivolous issues pertaining to discretionary aspects or legality of Appellant's sentence, or any other issues meriting appellate review. *See Commonwealth v. Cartrette*, 83 A.3d 1030, 1038 (Pa. Super. 2013). Therefore, we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judge Ott joins the disposition.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/7/2014