Commonwealth *v.* Stratton, Appellant.

Submitted March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Calvin S. Drayer, Jr.,* Assistant Public Defender, for appellant.

*Stewart J. Greenleaf,* Assistant District Attorney, *William T. Nicholas,* First Assistant District Attorney, and *Milton O. Moss,* District Attorney, for Commonwealth, appellee.

OPINION BY HOFFMAN, J., September 22, 1975:

This appeal is taken from an order revoking probation and imposing sentence. Appellant contends that the probation revocation hearing violated due process because he did not receive written notice of his alleged probation violations as required by *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), and *Morrissey v. Brewer,* 408 U.S. 471 (1972).

On April 11, 1973, appellant entered a guilty plea in Montgomery County, to charges of forgery and fraudulent pretenses for which he received five years' probation. Just thirteen days after his release, he was arrested for assault and battery on a Philadelphia policeman. Appellant entered a guilty plea to this charge on October 25, 1973, and was placed on six months' probation. Because appellant failed to report to state probation officials after his release, state authorities were unable to locate him until March 7, 1974, when they were informed that the appellant was at the federal probation office in Philadelphia.[1] Soon after appellant was arrested by Philadelphia detectives for offenses predating his April 11, 1973 probation and was taken to the Philadelphia Detention Center. Montgomery County officials lodged a detainer against him as an alleged probation violator. At his probation revocation hearing on August 5, 1974, appellant's April 11, 1973 probation was revoked and a sentence of two and one-half to five years was imposed.

---

1. The appellant had been put on federal probation on March 3, 1973, when he pleaded guilty to interstate transportation of forged securities.

In *Commonwealth v. Davis*, 234 Pa. Superior Ct. 31, 336 A.2d 616 (1975), this Court thoroughly discussed the due process requirements of a probation revocation hearing as mandated by *Morrissey* and *Gagnon*. It was noted that a defendant is entitled to receive two hearings: " 'one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his probation (the *Gagnon* I hearing) and the other a somewhat more comprehensive hearing prior to the making of a final revocation decision.' (the *Gagnon* II hearing) *Gagnon v. Scarpelli*, supra, at 781-82." *Commonwealth v. Davis*, supra, at 39, 336 A.2d at 620. The necessity of the "preliminary" or *Gagnon* I hearing is obviated, however, if the defendant is convicted in the Court of Common Pleas before the probation revocation hearing is held, as "[t]he purpose of that hearing—to show probable cause whether probation has been violated—will have been served by the trial." *Commonwealth v. Davis*, supra, at 43, 336 A.2d 622. Because appellant was convicted of the assault and battery charge before the probation revocation hearing, the function of the *Gagnon* I hearing is served by this conviction.

In addition, however, *Gagnon* requires, *inter alia*, that written notice of the alleged probation violations be furnished to the defendant as part of the *Gagnon* II hearing. There is no evidence in the record to show that the appellant received written notice. The probation revocation hearing, therefore, did not satisfy the requirements of due process. *See also Commonwealth v. Alexander*, 232 Pa. Superior Ct. 57, 331 A.2d 836 (1974), and *Commonwealth v. Henderson*, 234 Pa. Superior Ct. 498, 340 A.2d 483 (1975). Further, both *Alexander* and *Henderson* held that a defendant does not waive this issue by failing to object at the probation revocation hearing.

The judgment of sentence is reversed and the case remanded with instructions to hold a new probation revocation hearing consistent with this opinion.

570

Dissenting Opinion by Jacobs, J.:

I respectfully dissent.

The appellant, Nathaniel Stratton, raises this appeal from the judgment of sentence in which his probationary status was revoked, and he was sentenced to pay the costs of prosecution, and to undergo imprisonment for not less than two and a half nor more than five years.

Appellant contends, *inter alia,* that his due process rights as enumerated in *Gagnon v. Scarpelli,* 411 U.S. 778 (1973), *Morrissey v. Brewer,* 408 U.S. 471 (1972), and *Commonwealth v. Alexander,* 232 Pa. Superior Ct. 57, 331 A.2d 836 (1974), have been violated in that, prior to his probation revocation hearing, at which he was represented by counsel, he did not receive written notice of his alleged probation violations. (Appellant's other contentions are without merit).

There is no evidence in the record that the appellant received written notice. However, there is no evidence in the record that the appellant objected to the want of written notice, nor does the appellant presently allege (nor does the record indicate) consequent prejudice to the appellant.

The majority opinion, relying upon this Court's recent holdings in *Commonwealth v. Henderson,* 234 Pa. Superior Ct. 498, 340 A.2d 483 (1975), and *Commonwealth v. Alexander,* supra, would hold that the appellant does not waive the issue of the lack of written notice of the alleged probation violations by failing to object at the probation revocation hearing. This conclusion comes from the prophylactic rule laid down by our Court in *Commonwealth v. Alexander,* supra, and followed in *Commonwealth v. Henderson,* supra at 503, 340 A.2d at 485. In *Commonwealth v. Alexander,* supra, we said:

"The probation revocation hearing as stated in Kates, supra, [*Commonwealth v. Kates,* 452 Pa. 102, 118-19, 305 A.2d 701, 710 (1973)] was not intended as the forum in which the strictures of the rules of

evidence are to be tested, but rather as the forum in which the probative value of evidence produced warrants the continuation of probationary status, or the revocation thereof. Whereas we agree that raising the issue at this early stage would facilitate the legal process, it would be in derogation of the minimum due process rights of the alleged probation violator to require him to raise lack of notice at a less-than-formal hearing or waive his right to do so." *Id.* at 62, 331 A.2d at 838-39.

An examination of *Commonwealth v. Kates,* 452 Pa. 102, 305 A.2d 701 (1973) supports the first sentence quoted above from *Commonwealth v. Alexander,* supra, but seems to me to be contrary to the second sentence which is the one relied on in this case. *Commonwealth v. Kates,* supra, emphasizes that in a revocation hearing ". . . the controlling factor is not whether the traditional rules of evidence or procedure including Fourth and Fifth Amendment exclusionary rules have been strictly observed, but rather whether the probative value of the evidence has been affected." *Id.* at 118-19, 305 A.2d at 710. I can find nothing in *Commonwealth v. Kates,* supra, which says that a properly counseled probationer cannot waive notice of the alleged probation violations by failing to protest. I believe that *Commonwealth v. Kates,* supra, and the quote from *Commonwealth v. Kates,* supra, found in *Commonwealth v. Alexander,* supra at 61-62, 331 A.2d at 838, support just such a waiver by pointing out that the traditional rules of procedure are not controlling.

The United States Supreme Court in *Morrissey v. Brewer,* supra, in recognition of the potential "grievous loss" *id.* at 482 to be suffered when parole is revoked, extended minimum due process requirements to parole revocation hearings. In *Gagnon v. Scarpelli,* supra at 782, the same requirements were extended to probation revocation. These opinions contain no language which suggests that these rights cannot be waived.

In *Morrissey v. Brewer,* supra at 487-88, the Court stated that "[t]here must also be an opportunity for a hearing, *if it is desired by the parolee,* prior to the final decision on revocation by the parole authority." (emphasis added). This suggests, if not clearly indicates, that even the formal hearing itself may be waived. Moreover, in *Commonwealth v. Kates,* supra at 121, 305 A.2d at 711, the case relied upon in *Commonwealth v. Alexander,* supra, our Supreme Court held that all constitutional objections must be raised at the probation revocation hearings, or they are waived.

To conclude that one cannot waive rights at a "less than formal hearing" required to revoke parole or probation, ignores the fact that regardless of how the hearing is characterized, as "formal" or "less than formal", it is a final hearing on the alleged parole or probation violation. To reject a concept of waiver permits, as in the present appeal, a probationer to raise lack of written notice for the first time on appeal.

I am aware of the presumption against the waiver of constitutional rights, and it is axiomatic that where the parolee or probationer is not represented by counsel, safeguards must exist to insure a knowing and intelligent waiver of due process rights. However, where, as in the instant case, a probationer is represented by counsel, the record contains no objection to the want of written notice, and there is no argument on appeal that the appellant has been prejudiced by the want of such notice, this Court should not hold that under no circumstances can there be a waiver of the *Morrissey* rights.

Further, to remand this case for a new evidentiary hearing is in my opinion an exercise in futility. It is undisputed that the appellant, while on probation, was arrested for and pleaded guilty to assault and battery. I am mindful that not every probation violation will result in probation revocation, and that the United States Supreme Court in *Gagnon v. Scarpelli,* supra, in discuss-

ing the rights of a probationer to counsel, recognized that even where the alleged probation violation is a matter of public record the probationer retains the opportunity to persuade the trial court that there are mitigating circumstances which make revocation "inappropriate." *Gagnon v. Scarpelli,* supra at 790.

However, this Court cannot ignore the discretion of the trial judge to revoke probation when obvious violations of the terms or conditions of probation exist. *Commonwealth v. Vivian,* 426 Pa. 192, 201, 231 A.2d 301, 306 (1967). Further, in *Morrissey v. Brewer,* supra, the court pointed out that the "... parolee cannot relitigate issues determined against him in other forums, as in the situation presented when the revocation is based on conviction of another crime." *Id.* at 490. Keeping the above considerations in mind, a review of the record compels a conclusion of the obvious. The same result will be reached if written notice is given and a new hearing is held.

This is not to suggest that in the future, failure to comply with the *Morrissey* and *Gagnon* requirements should be balanced against the probable outcome of the revocation hearing if the requirements had been followed. The requirement of written notice imposes no great burden on the state. *Morrissey v. Brewer,* supra at 490. However, on the facts of this appeal, given the failure to raise a timely objection, the absence of an allegation of prejudice to the appellant, and the undisputed plea of guilty by the appellant to a charge of assault and battery which constitutes a clear probation violation, a remand for a new evidentiary hearing does not comport with the reality of the situation.

I would not remand the case for a new evidentiary hearing on the probation violation but would affirm the action of the trial court.

WATKINS, P.J., joins in this dissenting opinion.

DISSENTING OPINION BY VAN DER VOORT, J.:

I respectfully dissent from the holding of the Majority. The appellant pleaded guilty on April 11, 1973 to charges of forgery and fraudulent pretenses and was sentenced to five years probation. Just 13 days after his release he was arrested for assault and battery on a Philadelphia policeman, resisting arrest and disorderly conduct. By way of a plea bargain, he pleaded guilty to assault and battery in the Philadelphia Court of Common Pleas on October 25, 1973 and was sentenced to 6 months supervised probation. Appellant then failed to report to the State Probation and Parole Office which was unable to locate him until March 7, 1974, when it was discovered that he was in the Federal Probation Office in Philadelphia.[1] Defendant was returned to Montgomery County (where he had entered his plea on April 11, 1973), on August 4, 1974 where he was given a hearing for violation of his probation. After the hearing his probation was revoked and he was then sentenced to not less than 2½ nor more than 5 years in the State Correctional System.

Appellant now claims that he must be given another revocation hearing because he was not given written notice of what his violation of parole was. The Majority hold that on the strength of *Morrissey v. Brewer,* 408 U. S. 471, 92 S. Ct. 2593, 33 L. Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U. S. 778, 93 S. Ct. 1756, 36 L. Ed.2d 656 (1973), he must have such rehearing. I do not believe that either of these cases requires a rehearing in circumstances such as there are in the instant case. First of all, in both of these leading Supreme Court cases the appellants had no hearing at all, and in neither case was there any conviction. Each case established minimum procedures in cases of charges of violation of probation or parole.

---

1. Appellant had pled guilty on March 3, 1973, to interstate transportation of forged securities and as a result was placed under supervised probation for a period of five years.

*Gagnon v. Scarpelli* (supra) established the requirement for two hearings in the event of a violation of probation or parole: a *Gagnon* I hearing, as we have called it, for the purpose of determining probable cause to detain the accused on a violation, and if probable cause exists, a *Gagnon* II hearing, as we have called it, to determine whether or not there has been a violation, and if so, what action should be taken because of it. In this case the detention of the appellant took place after he had been convicted of a new crime while on probation. This conviction eliminated the necessity and reason for any *Gagnon* I hearing.

As to notice to the appellant of what his violation was, he had pleaded guilty in open court in the Court of Common Pleas to a new criminal offense. What clearer, or more impressive, notice could be given him? Certainly there was a written Bill of Indictment to which he pled guilty. I can't conceive of the Supreme Court wanting to require any notice of violation of his parole in addition to the proceedings in open court, wherein appellant acknowledged his guilt of a new crime.

The commission of a new crime is a reasonable ground for revoking parole under Pennsylvania standards. Hence, my dissent.