369 A.2d 892

**COMMONWEALTH of Pennsylvania**

v.

**Charles GAMBLE, Appellant.**

Superior Court of Pennsylvania.

Submitted Dec. 30, 1975.

Decided Feb. 18, 1977.

Calvin S. Drayer, Jr., Assistant Public Defender, Norristown, for appellant.

J. David Bean and Stewart J. Greenleaf, Assistant District Attorneys, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

PER CURIAM:

■ Appellant claims that he was denied due process in probation revocation proceedings because he was not given written notice of the alleged probation violations. *See Commonwealth v. Stratton,* 235 Pa.Super. 566, 344 A.2d 636 (1975).

The Commonwealth argues that appellant waived this claim by his failure to object to the lack of notice at the time of the hearing. We have held that such failure does not constitute waiver. *Commonwealth v. Stratton, supra; Commonwealth v. Henderson,* 234 Pa.Super. 498, 340 A.2d 483 (1975); *Commonwealth v. Alexander,* 232 Pa.Super. 57, 331 A.2d 836 (1974). The Commonwealth also argues that appellant was not prejudiced by the lack of written notice because he heard all of the charges against him at his *Gagnon* I hearing, which was held "just minutes before the *Gagnon* II hearing commenced." [1] We held in *Commonwealth v. Stratton, supra,* that lack of written notice vitiates a *Gagnon* II hearing even when a defendant has been afforded a separate and

1. In fact, both hearings appear to have been part of the same proceeding. Under our decision in *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975), one proceeding may be sufficient, provided that the other, specific due process requirements of *Gagnon* I and II are met.

**224**

correct *Gagnon* I hearing. The defendant in *Stratton* received better notice of the charges against him than did appellant in the present case.

■ The judgment of sentence is reversed and the case remanded with instructions to hold a new probation revocation hearing consistent with this opinion.[2]

CERCONE, J., dissents on the basis of *Commonwealth v. Kile,* 237 Pa.Super. 72, 346 A.2d 793 (1975).

JACOBS, J., dissents.

---

**2.** Appellant also challenges the adequacy of his guilty plea colloquy on the conviction that underlies his sentence of probation. He did not appeal this conviction and therefore has waived this claim. *Commonwealth v. Gilmore,* 465 Pa. 202, 348 A.2d 425 (1975).