378 A.2d 445

COMMONWEALTH of Pennsylvania

v.

William BALLARD, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 10, 1976.

Decided Oct. 6, 1977.

John S. DiGiorgio, Philadelphia, for appellant.

Michael J. Korolishin, Assistant District Attorney, Philadelphia, with him F. Emmett Fitzpatrick, District Attorney, Philadelphia, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

CERCONE, Judge:

This is an appeal from an order revoking appellant's probation and imposing a term of imprisonment.

In December of 1972 appellant was found guilty of assault and battery and aggravated robbery. Sentence was suspended on the assault and battery bill, and on the robbery charge appellant was placed on five years county probation. On January 15, 1975, a probation revocation hearing was held, and it was established that appellant had violated probation by committing two new crimes.[1] Notwithstanding these violations the court saw fit not to incarcerate appellant but, instead, revoked the initial probationary sentence and imposed a new probationary term of five years under state supervision.

Appellant next appeared before the lower court on June 15, 1976, for yet another revocation hearing. Once again it was established that appellant had violated probation by the .

---

[1]. On May 16, 1974, appellant was convicted of possession of a controlled substance with intent to deliver; on December 19, 1974, he was found guilty of receiving stolen property. In neither case was appellant imprisoned.

commission of two additional crimes.[2] As a result of these violations probation was revoked, and appellant was sentenced to prison for a period of not less than two years nor more than twenty years to run consecutive to the sentence on the robbery conviction. This appeal followed.

Appellant contends he was denied due process of law at his probation revocation hearing because he was not provided with written notice of the claimed violations prior to the hearing. We are constrained to agree.

In *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the United States Supreme Court held that written notice of the alleged violations is one of the several minimum requirements of due process which must be complied with before parole can be revoked. Subsequently, these same due process safeguards, including written notice of the claimed violations, were extended to probation revocation proceedings. *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). On several occasions we have vacated lower court orders revoking probation because of the failure to supply the appellant with written notice of the alleged violations. See, e. g., *Commonwealth v. Honeyblue*, 246 Pa.Super. 442, 371 A.2d 919 (1977); *Commonwealth v. Gamble*, 246 Pa.Super. 222, 369 A.2d 892 (1977); *Commonwealth v. Martin*, 241 Pa.Super. 222, 360 A.2d 733 (1976); *Commonwealth v. Stratton*, 235 Pa.Super. 566, 344 A.2d 636 (1975); *Commonwealth v. Henderson*, 234 Pa.Super. 498, 340 A.2d 483 (1975); *Commonwealth v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1975). Instantly, appellant was not provided with written notice of the violations until the revocation hearing actually commenced. Furthermore, this belated notice was given only after appellant's counsel informed the court at the outset of the hearing that his client had not received written notice of the claimed violations. The Commonwealth contends, however, that appellant and his counsel were obviously aware of the

2. On December 18, 1975, appellant was convicted on another receiving stolen property charge. In addition, on January 6, 1976, he was found guilty of robbery and several lesser offenses. On the robbery charge, appellant was sentenced to five to ten years imprisonment.

alleged violations and fully prepared for the hearing. To sustain this position the Commonwealth directs our attention to a short exchange between appellant, his counsel, and the court. Given appellant's immediate objection to the lack of notice we attach no significance to this perfunctory "colloquy." In short, a review of the record compels us to conclude appellant was denied the minimum due process safeguard of written notice of the claimed violations prior to his revocation hearing.

The order revoking appellant's probation and imposing sentence is vacated and the case remanded for proceedings consistent with this opinion.

VAN der VOORT, J., dissents for the reasons expressed in his dissenting opinions in *Comm. v. Stratton*, 235 Pa.Super. 566, 344 A.2d 636 (1975); and in *Comm. v. Alexander*, 232 Pa.Super. 57, 331 A.2d 836 (1974).