389 A.2d 111

**COMMONWEALTH of Pennsylvania**

v.

**David VASQUEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided July 12, 1978.

546

Menno B. Rohrer, Lancaster, for appellant.

Henry S. Kenderdine, Assistant District Attorney, and D. Richard Eckman, District Attorney, Lancaster, for Commonwealth, appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, President Judge:

Appellant David Vasquez appeals a parole revocation order entered in the Court of Common Pleas of Lancaster County. We agree with appellant that his parole was revoked without benefit of a *Gagnon* II hearing. Therefore, we vacate the judgment of sentence and remand the case to the lower court for further proceedings consistent with this opinion.[1]

On July 21, 1975, appellant was sentenced after he pleaded guilty to one count of resisting arrest and one count of violating the Controlled Substance, Drug, Device and Cosmetic Act. On the former charge, he was sentenced to a 23 month period of probation and to pay a $100.00 fine and costs of prosecution. On the latter charge, appellant was sentenced to a term of imprisonment of not less than time served and not more than 12 months. He was also sentenced to pay a fine of $200.00 and costs of prosecution. Payment of the fines and costs were to be made in weekly installments of $25.00 "when [appellant] returns to work." He was paroled the same day.

On July 16, 1976, appellant was charged with parole and probation violations for failure to make the weekly payments as directed. On August 20, 1976, following a brief hearing, appellant's parole was revoked and he was ordered recommitted to complete his prison term. The probation

1. Appellant raises two other issues: (1) whether revocation hearing counsel was ineffective and (2) whether a defendant sentenced to parole on condition that he pay $25.00 per week toward fines and costs "when he returns to work" may have his parole revoked solely on evidence that he was in default in the payments, without an inquiry and specific finding that the defendant was able to make the payments. See footnote 7, *infra,* for our disposition of the ineffectiveness issue. Because of our decision in this case, we need not reach the remaining issue.

order was continued. This appeal from the parole revocation followed.[2]

■ Before parole or probation may be revoked, a parolee or probationer is entitled to two hearings. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Commonwealth v. Davis,* 234 Pa.Super. 31, 336 A.2d 616 (1975). The purpose of the first, or *Gagnon I,* hearing is to determine whether at the time of his arrest and detention there is probable cause to believe that a parolee or probationer has violated a condition of the parole or probation order. The *Gagnon* II hearing is more comprehensive. At the *Gagnon* II hearing, a two-pronged decision is required: (1) whether the probationer or parolee violated a condition of probation or parole and (2) given such a violation, whether parole or probation should be revoked and the accused committed to prison or whether other steps should be taken to protect society and rehabilitate the accused. *Commonwealth v. Davis,* 234 Pa.Super. at 40, 336 A.2d at 621. The *Gagnon* II due process requirements include

"(a) written notice of the claimed violations of [probation or] parole; (b) disclosure to the [probationer or] parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation of] parole."

*Gagnon v. Scarpelli,* 411 U.S. at 786, 93 S.Ct. at 1761, 36 L.Ed.2d at 664, *citing Morrissey v. Brewer,* 408 U.S. at 489, 92 S.Ct. 2593.

2. The Commonwealth has not filed a brief in this case, nor has the lower court filed a written opinion pursuant to Pa.R.A.P. 1925.

 At most, appellant herein received a *Gagnon* I hearing.[3] The hearing began at 10:28 A.M. and ended at 10:33 A.M. The first "witness,"[4] Mrs. Hoffman, was an employee of the County Treasurer's Office. She reviewed the court's initial sentence concerning costs and fines. She then stated that appellant had paid only $35.00 to the County and that he still owed approximately $1,300.00.[5] N.T. 2. Appellant then told the court that he had been paroled on March 21, 1976,[6] and that he had a job during April of that year. He lost that job, however, due to illness and had not yet found another job. N.T. 3.

 Mrs. Hoffman and appellant were the only witnesses to "testify" at appellant's hearing. Although appellant was represented by counsel, counsel said nothing during the five minute hearing.[7] Most important, the court made no specific finding that appellant had violated a condition of

3. We note that even in the *Gagnon* I hearing, all of appellant's due process rights were not met. *Gagnon v. Scarpelli,* 411 U.S. at 786, 93 S.Ct. at 1761, 36 L.Ed.2d at 664, *citing Morrissey v. Brewer,* 408 U.S. at 487, 92 S.Ct. 2593. For example, the court made no written report of the hearing. Because appellant has not challenged the procedures on the basis of the *Gagnon* I requirements, however, he is not entitled to any relief on that basis.

4. Neither Mrs. Hoffman nor appellant were under oath when they addressed the court.

5. The alleged probation and parole violation as originally charged, as quoted in appellant's brief, indicated that appellant owed the County $404.55. The formal charge is not a part of the official record.

6. In January, 1976, appellant was arrested on charges unrelated to those of 1975; he was imprisoned because of those charges and was paroled on March 21, 1976.

7. Appellant obviously feared that counsel's silence and his failure to object to the parole revocation without a *Gagnon* II hearing would constitute waiver thereby precluding his raising the *Gagnon* II issue on this appeal. We agree with appellant that his counsel was ineffective; we can perceive no reasonable basis designed to effectuate a client's interest when counsel at a parole or probation revocation hearing does not utter a single word and does not object to the denial of a client's guaranteed due process rights. *Commonwealth ex rel. Washington v. Maroney,* 427 Pa. 599, 604, 235 A.2d 349, 352 (1967). Because of counsel's ineffectiveness, appellant has not waived his right to appeal.

his parole and that the violation warranted appellant's recommitment to prison rather than further rehabilitative procedures. *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656; *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484; Pa.R.Crim.P. 1409.

The judgment of sentence revoking appellant's parole is vacated, and the case is remanded for a *Gagnon* II hearing at which appellant is to be afforded all the due process rights guaranteed by *Gagnon v. Scarpelli* and *Morrissey v. Brewer.*

SPAETH, J., files a concurring opinion.

WATKINS, former President Judge, did not participate in the consideration or decision of this case.

SPAETH, Judge, concurring:

I concur, but note that until *Commonwealth v. Stratton,* 235 Pa.Super. 566, 344 A.2d 636 (1975) (JACOBS, J., filed a dissenting opinion in which WATKINS, P. J., joined), is overruled, issues based on defects in (or, as here, the non-existence of) a *Gagnon* II hearing are not waived by failing to object at the probation revocation hearing. It is therefore unnecessary here to reach appellant's argument on ineffectiveness of counsel.