424 A.2d 1352

**COMMONWEALTH of Pennsylvania**

v.

**Kenneth A. WALKER, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 16, 1979.

Filed Jan. 23, 1981.

---

**4.** The rule probably applies to uncounseled lineup identifications as well. See, *Futch*, supra.

Paul Bogdon, Pittsburgh, for appellant.

Robert L. Eberhardt, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before CERCONE, President Judge, and MONTGOMERY and LIPEZ, JJ.

CERCONE, President Judge:

This is a direct appeal from a parole revocation order by the Court of Common Pleas of Allegheny County, Pennsylvania, Criminal Division. Appellant, Kenneth Walker, raises claims of ineffectiveness of both his hearing and post-hearing counsel. Since one of the claims not raised by counsel was of arguable merit, we remand the case to the court below for an evidentiary hearing to determine whether Walker's counsel had any reasonable basis for his actions.

On June 30, 1976, Mr. Walker pleaded guilty to simple assault and resisting arrest. He was sentenced to prison for six to twenty-three months and was paroled after serving six months. Due to a violation, his parole was revoked on August 23, 1977, and he was committed to jail for the remainder of his sentence, with automatic parole becoming effective after one month in order to enable him to undergo drug rehabilitation treatment at the Alpha House.

The instant case arises from Mr. Walker's alleged failure to report to his parole officer and to Alpha House after his September 23, 1977 automatic release on parole. On April 17, 1978, the lower court held a hearing on these allegations, vacated Mr. Walker's parole, and sentenced him to serve the remainder of his original sentence. This appeal follows.

Mr. Walker alleges, *inter alia*, the ineffectiveness of his parole revocation hearing counsel, the Public Defender, for his failure to object at the hearing so as to preserve several important issues for appeal. More particularly, Walker claims counsel's ineffectiveness includes: (1) his failure to object to the absence of witnesses without a specific finding of good cause by the court, which resulted in the revocation of Walker's parole based solely on hearsay evidence; (2) his failure to preserve the issue that appellant was not notified of his being charged with violations of his parole based on mere arrests; (3) his failure to object to the inclusion of these arrests as grounds for revoking parole; (4) his failure to object to the court's substitution of only one *Gagnon*

hearing for the requisite two.[1] Our discussion of the first of these specific allegations renders consideration of the others unnecessary.

■ It is now well-settled law that in order for counsel to be proven ineffective, there must be a showing, first, that the claim foregone was of arguable merit and, second, that the counsel's actions had no reasonable basis designed to effectuate his client's interests. *Commonwealth v. Hubbard*, 472 Pa. 259, 372 A.2d 687 (1977); *Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967). In the context of the case at bar, the Commonwealth concedes that the claim concerning the denial of appellant's due process rights was of arguable merit.

■ The essence of Mr. Walker's first specific allegation of ineffectiveness is that his due process rights were violated because he was not afforded his right to confront and cross-examine witnesses against him, which resulted in his parole having been revoked entirely on hearsay evidence. At the hearing no witnesses testified against Mr. Walker: no one from the Alpha House appeared, nor did Mr. Walker's parole officer appear to provide supporting testimony for the alleged violations contained in the hearing notice, i. e., failure to report to his parole officer and failure to participate in a drug rehabilitation program. Had there been a timely objection to this hearsay evidence, the Commonwealth would have had to establish good cause for the absence of the witnesses. As we stated in *Commonwealth v. Rossetti*, 255 Pa.Super. 524, 528, 388 A.2d 1090, 1092 (1978),

1. In *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the United States Supreme Court held that a parolee/probationee was constitutionally entitled to two hearings before his parole/probation could be revoked. The issue in a *Gagnon I* hearing is whether or not there is probable cause to believe that the subject violated the terms of his parole/probation. In a *Gagnon II* hearing the issue is two-fold: (1) whether the subject actually violated his parole/probation, and (2) if such a violation did occur, whether or not parole or probation should be revoked because of the violation. This second prong of a *Gagnon II* hearing balances the interest of protecting members of society against the interest of rehabilitating the accused.

"by failing to make any such findings of good cause for abridging appellant's dual rights of confrontation and cross-examination, the hearing judge erred in admitting the hearsay testimony in question." *See also Gagnon v. Scarpelli*, 411 U.S. 778, 786, 93 S.Ct. 1756, 1761, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972); *U.S. v. Smith*, 571 F.2d 370, 373 (7th Cir. 1978); *Baker v. Wainwright*, 527 F.2d 372, 378 (5th Cir. 1976); *Herring v. Board of Probation and Parole*, 39 Pa. Cmwlth. 156, 159, 394 A.2d 1082, 1083 (1978). In addition, this court has ruled twice in the last two years that parole may not be revoked solely on the basis of hearsay testimony. *See Commonwealth v. Riley*, 253 Pa.Super. 260, 267–68, 384 A.2d 1333, 1337 (1978) ("we find that the revocation of appellant's parole rested in large part on hearsay and may not be sustained."); *Commonwealth v. Greenlee*, 263 Pa.Super. 477, 484 n. 5, 398 A.2d 676, 679 n. 5 (1979) ("a revocation of parole based entirely on hearsay may not be sustained."). In this case, after the defendant indicated his defense, the hearing judge engaged in speculation as to what he felt really happened, all on the basis of hearsay testimony. At this point, the hearing judge sought to confirm his version of the facts through the hearsay declarant:

"THE COURT: ... Isn't that what happened, Mr. Marietti (sic)?

MR. MARIETTA: Your honor, in terms of his failure to abide by the special condition to attend counseling at Alpha House, unfortunately I don't have specifics on that because the officer who submitted the report is not present today. We tried to locate him and I don't know where he is."

Factually, the hearing court was in the position of determining whether Walker voluntarily failed to participate or, according to Walker, whether he was asked to leave the program. Choosing to credit the hearsay, the hearing judge found Walker in violation of, and therefore revoked, his parole. Once again, had counsel objected, this conclusion

would have been error.[2] *See Kemp v. Commonwealth, Bd. of Probation and Parole,* 43 Pa.Cmwlth. 390, 402 A.2d 708 (1979) (set aside the order revoking parole because the official from Alpha House and petitioner's wife were absent without a finding of good cause, and the only testimony given at trial was by parole officers relating facts told to them by the absent witnesses).

With regard to the second tier of the *Hubbard* ineffectiveness test, we must now decide whether there was any reasonable basis for hearing counsel's actions which was designed to effectuate his client's interests. As a general rule we would remand the case for a hearing on counsel's ineffectiveness at which time the revocation of parole would stand if the court found that the counsel's failure to object to the hearsay testimony was warranted. *See Commonwealth v. Greenlee,* 263 Pa.Super. 477, 484, 398 A.2d 676, 680 (1979). However, there has been at least one extreme case in which we have held that a remand is not necessary when it is evident from the record that counsel's inaction had no reasonable basis designed to effectuate his client's interest. *See Commonwealth v. Vasquez,* 255 Pa.Super. 545, 549 n.7, 389 A.2d 111, 113–14 n. 7 (1978). In *Vasquez,* a unique factual situation was presented whereby counsel did not object to the denial of his client's due process rights and, in fact, did not utter a single word at the entire hearing. Thus, we wish to make it clear that the totality of the facts and circumstances must be considered in determining whether counsel embarked upon a reasonable course of action. We do not now, nor have we ever taken the position that mere silence of counsel, without more, is sufficient to prove ineffectiveness. Absent an extreme set of circumstances, our usual course of action is to avail ourselves of the enlightenment which can be obtained from an evidentiary hearing, thus enabling us to view the reasonableness of counsel's actions in the context of all relevant facts and circumstances.

2. It appears the Commonwealth could not have shown good cause, because the assistant district attorney did not know where the witnesses were and had not subpoenaed them.

584

In sum, *Vasquez* was a result produced by its unique facts.[3] The record in the instant case does not establish counsel's ineffectiveness with such clarity as appeared in *Vasquez*. Consequently, we will remand the case to the court below for an evidentiary hearing to be held concerning the alleged ineffectiveness[4] of appellant Walker's hearing counsel.[5] If hearing counsel is found to have had any reasonable basis for his inaction, then the lower court's order revoking Walker's parole must stand. However, if hearing counsel's failure to object to the admission of the hearsay testimony is found to have had no reasonable basis designed to effectuate his client's interests, then a new parole revocation hearing must be held.

It is so ordered.

3. While, in reality, there may have been no reasonable basis for the inaction of Vasquez's hearing counsel, a case may indeed arise where counsel's failure to object to the proffered hearsay testimony would be a strategy designed to effectuate his client's interests. For example, a situation might arise where the hearsay testimony is far less damaging to the client than would be the actual detailed testimony by the individual who has personal knowledge of the material events. Under such circumstances, counsel's failure to object to the hearsay might be the superior alternative, especially if counsel expects that the Commonwealth could readily produce the witness on demand. *See, e. g., Commonwealth v. Turner*, 469 Pa. 319, 365 A.2d 847 (1976) (trial counsel held constitutionally effective in stipulating to the admissibility of a medical report where such a course might have been more advantageous to the defendant than the presentation of live medical testimony).

4. In addition to considering the ineffectiveness issue with respect to counsel's failure to object to the hearsay testimony, the hearing court should also consider appellant Walker's other allegations of ineffectiveness which have been previously enumerated in this opinion.

5. The Commonwealth argues that in order for us to reach the question of the hearing counsel's ineffectiveness, the appellant's post-hearing counsel must first be shown to have been ineffective for failing to raise the hearing counsel's ineffectiveness. We need not reach this issue because the Public Defender's Office cannot be expected to raise its own ineffectiveness, and a waiver of such a claim cannot be predicated upon the failure of one assistant Public Defender to raise on appeal the ineffectiveness of another. *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974); *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976). We therefore find the Commonwealth's argument to be without merit.