J-S74036-14

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| RAVON WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1411 EDA 2014 |

Appeal from the PCRA Order Entered April 7, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0012833-2007

BEFORE:    BENDER, P.J.E, DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:    **FILED JANUARY 23, 2015**

Ravon Williams (Appellant) appeals from the order which dismissed his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

A prior panel of this Court summarized the history of this case as follows.

> In February 2008, [Appellant] pled guilty to retail theft and was sentenced to 6-23 months of imprisonment, followed by two years' probation.  He was also ordered to complete a re-entry program and remain employed when he was released from custody.  Due to his lengthy criminal history, the trial court warned Williams at sentencing that "if you commit another crime and come back in front of me things aren't going to go well for you."
>
> On September 21, 2008, [Appellant] was arrested and charged with, among other things, tampering with or fabricating physical evidence.  He was ultimately convicted of the tampering charge on March 9, 2009.  On the same day, the court held a

*Retired Senior Judge assigned to the Superior Court.

> [parole] violation hearing after which it revoked [Appellant's] February 2008 [parole] for retail theft, and sentenced him to the statutory maximum of 3½-7 years' imprisonment, with credit for time served. He filed a motion for reconsideration of his sentence that was denied.

*Commonwealth v. Williams*, 11 A.3d 1025 (Pa. Super. 2010) (unpublished memorandum at 2-3; footnotes and citations omitted). On direct appeal, this Court affirmed Appellant's judgment of sentence. *Id.* at 3.

Appellant timely filed a PCRA petition on June 3, 2011. The docket reflects that counsel was appointed and entered an appearance on December 29, 2011. There is no additional activity on the docket until May 6, 2013, at which time counsel filed a motion to withdraw as counsel and a no-merit letter pursuant to *Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Approximately eight months later, the PCRA court issued notice of its intent to dismiss Appellant's petition without a hearing pursuant to Pa.R.Crim.P. 907. Appellant, *pro se*, moved for additional time to respond to the Rule 907 notice. The docket does not reflect that the PCRA court ruled on Appellant's motion, but he nonetheless filed a response on March 7, 2014.

On April 7, 2014, the PCRA court entered an order dismissing Appellant's petition and allowing counsel to withdraw. Appellant timely filed

a notice of appeal. The PCRA court did not order Appellant to file a statement of errors complained of on appeal, and none was filed.

Appellant presents one question for this Court's review: "Whether the PCRA [c]ourt erred as a matter of law and/or abused [its] discretion in denying [A]ppellant PCRA relief?" Appellant's Brief at VI.

"Our standard of review of a trial court order granting or denying relief under the PCRA calls upon us to determine 'whether the determination of the PCRA court is supported by the evidence of record and is free of legal error.'" *Commonwealth v. Barndt*, 74 A.3d 185, 192 (Pa. Super. 2013) (quoting *Commonwealth v. Garcia*, 23 A.3d 1059, 1061 (Pa. Super. 2011)).

Appellant argues that the PCRA court erred in dismissing his petition because his constitutional right to due process was violated by the lack of notice at the *Gagnon I* hearing[1] that he faced probation revocation for the tampering-with-evidence conviction, and because each of his attorneys was ineffective in failing to litigate this issue during his representation of Appellant. Appellant's Brief at 2-3, 4-10.

The PCRA court opined that Appellant waived the claim that his sentence was the result of a constitutional violation because he failed to

---

[1] "A *Gagnon I* hearing is a pre-revocation hearing to determine if probable cause exists that a violation was committed. After this determination is made, a *Gagnon II* hearing is conducted where the Commonwealth is required to establish that the defendant did violate his parole/probation." *Commonwealth v. Stafford*, 29 A.3d 800, 802 n.1 (Pa. Super. 2011) (citation omitted), *see also Gagnon v. Scarpelli*, 411 U.S. 778 (1973).

raise it on direct appeal. PCRA Court Opinion, 5/13/2014, at 2. We agree. *See*, *e.g.*, *Commonwealth v. Price*, 876 A.2d 988, 993 (Pa. Super. 2005) ("A claim is waived under the PCRA if, *inter alia*, it could have been raised on direct appeal.").

However, this does not impact Appellant's claims that revocation counsel was ineffective in failing to object to the lack of notice and that direct appeal counsel was ineffective in failing to raise the issue on direct appeal. PCRA Petition, 6/3/2011, at 2-3; Objections to 907 Notice, 3/7/2014, at 3-4 (pages unnumbered); Appellant's Brief at 4-8. Accordingly, we consider whether the failure of revocation counsel to object rendered his representation of Appellant constitutionally infirm.

We consider this issue mindful of the following. Counsel is presumed to be effective. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010). To overcome this presumption, Appellant bears the burden of proving the following: "(1) the underlying substantive claim has arguable merit; (2) counsel whose effectiveness is being challenged did not have a reasonable basis for his or her actions or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance." *Id.* Appellant's claim will be denied if he fails to meet any one of these three prongs. *Id.*

In support of his argument that his underlying claim has merit, Appellant relies upon, *inter alia*, *Commonwealth v. Ballard*, 378 A.2d 445 (Pa. Super. 1977) (*en banc*). In that case, this Court summarized as follows

the relevant due process requirements attendant with revocation of probation.

> In **Morrissey v. Brewer**, 408 U.S. 471, 488-89, [] (1972), the United States Supreme Court held that written notice of the alleged violations is one of the several minimum requirements of due process which must be complied with before parole can be revoked. Subsequently, these same due process safeguards, including written notice of the claimed violations, were extended to probation revocation proceedings. **Gagnon** []. On several occasions we have vacated lower court orders revoking probation because of the failure to supply the appellant with written notice of the alleged violations. **See**, **e.g.**, **Commonwealth v. Honeyblue**, [371 A.2d 919 (Pa. Super. 1977)]; **Commonwealth v. Gamble**, [369 A.2d 892 (Pa. Super. 1977)]; **Commonwealth v. Martin**, [360 A.2d 733 (Pa. Super. 1976)]; **Commonwealth v. Stratton**, [344 A.2d 636 (Pa. Super. 1975)]; **Commonwealth v. Henderson**, [340 A.2d 483 (Pa. Super. 1975)]; **Commonwealth v. Alexander**, [331 A.2d 836 (Pa. Super. 1975)].

**Ballard**, 378 A.2d at 446.

The PCRA court determined that the notice given to Appellant was adequate to meet due process requirements. We agree.[2]

On October 1, 2008, Appellant was given written notice of his alleged parole violations. That notice included, *inter alia*, reference to his September 21, 2008 arrest for the criminal activity charged at MC-51-CR-0047769-2008, which at that time was aggravated assault, simple assault,

---

[2] While our reasoning appears to be slightly different than that of the PCRA court, "[t]his Court is not bound by the rationale of the trial court, and we may affirm the trial court on any basis." **Commonwealth v. Williams**, 73 A.3d 609, 617 n.4 (Pa. Super. 2013).

reckless endangerment, and resisting arrest. *Gagnon* Hearing Summary, 10/1/2008, at 2.

Appellant's preliminary hearing at MC-51-CR-0047769-2008 was held on October 4, 2008, at which time the charge of tampering with evidence was added at that docket number. The original four counts and the new tampering count all were held for court. The case was transferred to the trial court and assigned docket number CP-51-CR-0012566-2008; and the criminal information as to all five charges was filed. While the charges at that docket number remained open, Appellant's revocation hearing in the instant case was continued repeatedly to allow that matter to conclude.

Ultimately Appellant was found guilty of the tampering count at CP-51-CR-0012566-2008 on January 20, 2009. Only after Appellant was sentenced on that conviction, on March 9, 2009, was his revocation hearing conducted. At that hearing, there was no dispute that Appellant had violated his parole.[3] *See*, *e.g.*, N.T., 3/9/2009, at 4 (Appellant's counsel: "obviously, there are violations here, and there's not really much of an excuse that we can offer, and I don't think that [Appellant] is trying to offer you any excuses. … Just so we're all on the same page, Judge Cunningham sentenced him today.").

---

[3] Appellant does not argue that his conviction for tampering with evidence was not a parole violation. His argument is limited to the notice he was given.

Because Appellant was given written notice that the Commonwealth sought to revoke his parole based upon the criminal activity charged at MC-51-CR-0047769-2008, and his parole ultimately was revoked based upon his conviction for criminal activity charged at MC-51-CR-0047769-2008, we discern no constitutional violation. None of the cases cited by Appellant convinces us that the fact that there were only four counts charged at that docket number at the time of the written notice, and the tampering charge was later added at that same docket number at the preliminary hearing, renders the written notice insufficient to satisfy the requirements of due process. **Compare Alexander**, 331 A.2d at 837 (holding due process was not served where the defendant was provided no written notice that his arrest for burglary and theft while on probation for another crime was being pursued as a violation; defendant was given only oral notice during a conversation with his parole agent while defendant was in jail after the arrest).

Because Appellant's underlying claim lacks merit, his counsel was not ineffective for failing to raise it. **Commonwealth v. Fears**, 86 A.3d 795, 804 (Pa. 2014) ("[C]ounsel cannot be deemed ineffective for failing to raise a meritless claim."). Therefore, the PCRA court properly dismissed his PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 1/23/2015