J-A05042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PAUL ROBERTS | : | |
| | : | No. 1983 EDA 2017 |
| Appellant | | |

Appeal from the Judgment of Sentence May 19, 2017
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004464-2013

BEFORE: DUBOW, J., MURRAY, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MARCH 02, 2018**

Appellant Paul Roberts appeals from the judgment of sentence entered in the Court of Common Pleas of Bucks County on May 19, 2017, after the trial court found him in violation of his probation. Appellant's counsel also has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and its Pennsylvania counterpart *Commonwealth v. Santiago*, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "*Anders* Brief") together with a petition to withdraw as counsel.[1] Following our review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

---

[1] *Anders* set forth the requirements for counsel to withdraw from representation on direct appeal, and our Supreme Court applied *Anders* in *Santiago*.

---

\* Former Justice specially assigned to the Superior Court.

The trial court set forth the relevant facts and procedural history herein as follows:

On September 9, 2013, Appellant pled guilty to Theft by Unlawful Taking,[1] Receiving Stolen Property,[2] Fleeing or Attempting to Elude a Police Officer,[3] Unauthorized Use of a Motor Vehicle,[4] Recklessly Endangering Another Person,[5] and related summary offenses. Appellant was sentenced to not less than eighteen (18) months['] nor more than thirty-six (36) months['] incarceration with credit for time served from June 8, 2013 and a consecutive thirty-six (36) month term of probation. Appellant was released on parole on December 7, 2014. Appellant's parole maximum date was June 8, 2016. Thus, the probation effective date was June 8, 2016.

On January 12, 2017, a praecipe for violation hearing was filed. The basis for the violation was a new conviction in Philadelphia County for Criminal Trespass arising from an incident that took place on April 25, 2016. N.T., 5/19/17, p. 3-4.[2] On May 19, 2017, following a violation hearing, Appellant was found in violation of probation and probation was revoked. Id. at 7. Appellant was sentenced to not less than two (2) nor more than four (4) years['] incarceration. Id. at 15.

On May 30, 2017, Appellant filed a motion to modify and reconsider sentence. A hearing on Appellant's Motion to Modify and Reconsider Sentence was held on June 12, 2017. Appellant requested that the Court modify and lessen his sentence in order for Appellant to be paroled earlier to return to work and to his family. N.T., 6/12/17, p. 6. Following the hearing, the Court denied Appellant's Motion. Id. at 13.

---

[2] The Incident Report revealed Appellant "was hired by a construction company and after the first day of work he returned to the job site that they were working on, broke into the house through a side rear window and stole tools that they were using in the home. He then pawned them in Philadelphia and received $150. He never returned to work after that." N.T., 5/19/17, at 4. A detainer was lodged against Appellant on July 19, 2016, and he was ultimately sentenced in Philadelphia County to a period of five years' probation following his guilty plea to criminal trespass, graded as a felony of the second degree. *Id*.

On June 20, 2017, Appellant filed a *pro se* Notice of Appeal to the Superior Court. On June 28, 2017, Appellant filed a second, *pro se* Notice of Appeal. Both Notices correspond to Appellant's sentence following his violation of probation hearing and the subsequent denial of his Motion to Modify and Reconsider Sentence.[3] On June 29, 2017, this [c]ourt issued an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b).

\*\*\*

On July 19, 2017, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b), Appellant, by and through his attorney, [Appellant] filed his Statement of Errors Complained of on Appeal. . . [.]

_____

[1] 18 Pa. C.S.A. § 3921(a).
[2] 18 Pa. C.S.A. § 3925(a).
[3] 75 Pa. C.S.A. § 3733(a).
[4] 18 Pa. C.S.A. § 3928(a).
[5] 18 Pa. C.S.A. § 2705.

Trial Court Opinion, filed 8/7/17, at 1-2 (unnumbered).

On November 16, 2017, counsel filed her Petition for Leave to Withdraw as Counsel with this Court. Appellant filed no further submissions either *pro se* or through privately-retained counsel following counsel's filing of the petition to withdraw. However, on September 8, 2017, he submitted a handwritten letter dated August 29, 2017, with this Court wherein he relayed his concerns with the notice he had received prior to the revocation of his probation and the consecutive nature of his sentence. This letter was forwarded to counsel, unfiled, pursuant to **Commonwealth v. Jette**, 611 Pa.

_____

[3] The appeal at docket number 2038 EDA 2017 was dismissed as duplicative of the instant appeal on September 18, 2017.

- 3 -

166, ____, 23 A.3d 1032, 1044 (2011) (reiterating that this Court's proper response to any *pro se* pleading is to refer the pleading to counsel and to take no further action on the *pro se* pleading unless counsel forwards a motion). The Commonwealth filed a brief with this Court on December 18, 2017.

Prior to addressing the questions raised on appeal, we must first resolve counsel's petition to withdraw. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). **See also Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005) (citation omitted) (stating "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw."). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

**Commonwealth v. Cartrette**, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). In addition, our Supreme Court in **Santiago** stated that an **Anders** brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling

- 4 -

> case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, *supra* at 178-79, 978 A.2d at 361. Counsel also must provide the appellant with a copy of the *Anders* brief, together with a letter that advises the appellant of his or her right to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007) (citation omitted). Substantial compliance with these requirements is sufficient. *Commonwealth v. Wrecks*, 934 A.2d 1287, 1290 (Pa.Super. 2007).

Herein, counsel contemporaneously filed her Petition for Leave to Withdraw As Counsel and *Anders* Brief. In her petition, counsel states that after a careful and conscientious examination of the record she has determined that no meritorious issues exist and an appeal herein is wholly frivolous. *See* Petition for Leave to Withdraw as Counsel at ¶ 6-7. The petition further explains that counsel notified Appellant of the withdrawal request and forwarded a copy of the *Anders* Brief to Appellant together with a letter explaining his right to proceed *pro se* or with new, privately retained counsel to raise any additional points or arguments that Appellant believed had merit. *See id*. at ¶9; *see also* attached Exhibit "A" "Letter to Appellant." The petition indicates that a copy of the Petition for Leave to Withdraw as Counsel,

***Anders*** Brief, and notice letter were served on Appellant and these documents correctly inform Appellant of his rights.

In the ***Anders*** brief, counsel provides a summary of the facts and procedural history of the case with citations to the record, refers to evidence of record that might arguably support the issues raised on appeal, provides citations to relevant case law, and states her reasoning and conclusion that the appeal is wholly frivolous. ***See Anders*** Brief at 4-12. Accordingly, counsel has complied with all of the technical requirements of ***Anders*** and ***Santiago***. As Appellant filed neither a *pro se* brief nor a counseled brief with new, privately-retained counsel, we proceed to examine the issues of arguable merit identified in the ***Anders*** Brief. Therein, counsel presents the following "Statement of Questions Presented":

> A.  Whether a petition to withdraw as counsel and request for dismissal of an appeal should be granted where counsel has diligently investigated the possible grounds of appeal and finds the appeal frivolous?
>
> B.  Appellant raises the claim that his due process rights were violated because he was not afforded a Gagnon I[4] hearing on his probation violation?
>
> C.  Appellant raises the claim that it is unlawful for Appellant to be found in violation of probation running consecutive to a sentence of incarceration, the term of which has not begun at the time of a direct violation of supervision?

---

[4] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

***Anders*** Brief at 4 (unnecessary capitalization omitted). As we have disposed of the first issue above, we proceed to a consideration of the remaining claims below.

Appellant maintains his due process rights were violated because he was not afforded a ***Gagnon I*** hearing and that absent such hearing, the trial court wrongly found him in violation of his probation. However,

> [i]n ***Commonwealth v. Davis***, 234 Pa.Super. 31, 336 A.2d 616 (1975) (Filed: March 31, 1975), this Court thoroughly discussed the due process requirements of a probation revocation hearing as mandated by ***Morrissey[v. Brewer,*** 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed. 2d 484 (1972)] and ***Gagnon***. It was noted that a defendant is entitled to receive two hearings: "one a preliminary hearing at the time of his arrest and detention to determine whether there is probable cause to believe that he has committed a violation of his probation (the Gagnon I hearing) and the other a somewhat more comprehensive hearing prior to the making of a final revocation decision.' (the Gagnon II hearing) ***Gagnon v. Scarpelli***, ***supra***, at 781-82, 93 S.Ct. 1756 at 1759.' ***Commonwealth v. Davis***, ***supra***, at 37, 336 A.2d at 620. The necessity of the 'preliminary' or Gagnon I hearing is obviated, however, if the defendant is convicted in the Court of Common Pleas before the probation revocation hearing is held, as '(t)he purpose of the hearing-to show probable cause whether probation has been violated-will have been served by the trial.' ***Commonwealth v. Davis***, ***supra***, at 41, 336 A.2d at 622. Because appellant was convicted of the assault and battery charge before the probation revocation hearing, the function of the ***Gagnon I*** hearing is served by this conviction.

***Commonwealth v. Stratton***, 344 A.2d 636, 637–38 (Pa.Super. 1975).

The basis of Appellant's probation violation in the instant matter was his new criminal conviction as a result of his entering a guilty plea in Philadelphia County. Thus, probable cause existed to establish Appellant had violated his probation, and a ***Gagnon I*** hearing was not required. ***Davis***, ***supra***.

Appellant next posits he cannot be violated on a probationary period that he had not yet begun to serve. Appellant committed the new offense in Philadelphia County on April 25, 2016, and the maximum date of his sentence of parole was June 8, 2016. Although Appellant's consecutive sentence of probation in Bucks County was not to begin until June 8, 2016, in **Commonwealth v. Hoover**, 909 A.2d 321, 323 (Pa.Super. 2006), this Court reiterated that one's probation may be revoked prior to his beginning to serve it and stated:

> If, at any time before the defendant has completed the maximum period of probation, or **before he has begun service of his probation,** he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." **Burns v. United States**, 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932).

**Id.**, at 323–24 (emphasis in original) (some citations omitted).

In light of the foregoing and following our independent review of the merits of the case where we make an independent judgment deciding whether the appeal is in fact wholly frivolous, **see Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007), along with Appellant's handwritten letter dated August 29, 2017, we have found no indication of non-frivolous issues.

Therefore, we grant counsel's petition to withdraw and affirm appellant's May 19, 2017, judgment of sentence.

Petition to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/2/18